Willie D. RAMSEY, Appellant,

v.

Robert MORRIS, Appellee.

No. 17247.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Jan. 11, 1979.

Rehearing Denied March 1, 1979.

C. C. Divine, Houston, for appellant.

Occie H. Tate, Jr., Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from an order dismissing an application for writ of certiorari to a justice court of Harris County, Texas, which had been previously granted by the District Court. We affirm.

Willie D. Ramsey filed an application for writ of certiorari seeking to remove to the district court the proceedings in a forcible entry and detainer suit in which judgment had been rendered for Robert Morris. The petition asserts that the justice of the peace court lacked jurisdiction to enter a judgment in the cause because the question involved was one of title rather than one of possession. It asserted that exclusive jurisdiction of the cause was in the district court and that certiorari was the only available remedy.

The district court entered an order granting the application, ordering a bond to be filed, and directing the justice of the peace to make and certify a copy of the entries in the cause on his docket and transmit the same with the papers in his possession and a certified copy of the bill of cost to the district court.

Robert Morris filed a motion to dismiss asserting that Article 941, Texas Revised Civil Statutes, precludes a party from using a writ of certiorari to remove a final judgment in a forcible entry and detainer action from a justice court. He further asserted that Mrs. Ramsey failed to appeal the order of the justice of the peace court to the county court as authorized by the Texas Rules of Civil Procedure. After a hearing the district court entered an order sustaining the motion to dismiss.

Copies of the proceedings in the justice court including the judgment rendered therein are not available to this court.

In the respondent's motion to dismiss it is asserted that the justice of the peace court heard and rendered judgment for the plaintiff in the forcible entry and detainer action on June 9, 1977. The attorney for Willie D. Ramsey attached his affidavit to the petition for writ of certiorari and stated therein that the forcible entry and detainer suit was heard ex parte. He stated that a motion for new trial was heard on June 9, 1977, and that the judge stayed the judgment for seven days, or until June 16, 1977. This affidavit was sworn to on the 14th day of June, 1977. The application for writ of certiorari was filed in the district court on the 15th day of June, 1977. It is clear from this record that the petitioner has failed to show that his legal remedy, an appeal to the county court at law, was not available and fully adequate.

■ Section 8 of Article 5 of our Constitution confers upon the district courts authority to issue writs of certiorari. Certiorari is a writ issued by a superior court to an inferior court of record, requiring the latter to send to the former some proceedings therein pending, or the records or proceedings in some cause already terminated, in cases where the procedure is not according to the course of the common law. It is the office of a common law writ of certiorari to correct errors of law apparent on admitted or established facts. It is not an appropriate procedure in cases where there are disputed issues of fact. *State v. De Silva,* 105 Tex. 95, 145 S.W. 330 (1912).

This section of Article 5 provides that the district court and the judges hereof shall have power "to issue writs of habeas corpus, mandamus, injunction and certiorari, and all writs necessary to enforce [said] jurisdiction." There are very few cases which discuss the circumstances which would authorize or require the district court to issue a writ of certiorari to an inferior court.

■ The writ of certiorari was known to the common law before statutes authorizing its use were enacted, and it seems to be well settled that the writ of certiorari as used to correct the proceedings of inferior tribunals is not a writ of right, but issues only on special cause shown to the court to which application is made, and the court is vested with judicial discretion to grant or refuse the writ as justice may seem to require. Only where the error is manifest and substantial injury has been sustained should the writ be allowed. The court will not award a writ where the errors complained of are merely informal and technical, or where, although there is error in fact, substantial justice has been done and no appreciable injury has resulted to the complaining party *Schwind v. Goodman,* 221 S.W. 579 (Tex.Comm.App., 1920).

■ In *Winfrey v. Chandler,* 159 Tex. 220, 318 S.W.2d 59 (1958) the Supreme Court considered the authority of the district court under Article 5, Section 8, of the Constitution to issue a writ of mandamus to a county judge in a criminal matter. The Supreme Court pointed out that a district court is not authorized to exercise general supervision and control over the county court in criminal proceedings and held that it had no power to stay the trial of a criminal case pending in another court except where necessary and appropriate to protect or enforce its own jurisdiction. The Supreme Court also pointed out that if the defendant in the county court case had been prejudiced by any action taken in the trial there, he had an adequate remedy by appeal. In its opinion it called attention to the case of *Seele v. State,* 1 Tex.Civ.App. 495, 20 S.W. 946 (1892, no writ).

*Seele* involved an original proceeding in the district court to annul the judgment rendered by a justice of the peace court by a writ of prohibition on the ground that the justice of the peace court lacked jurisdiction. The court pointed out that prohibition acts directly upon the court and is a common law writ that lies only when the matter to be prohibited is judicial in nature. It is preventive in character, and it is ordinarily at common law used to prevent a court of inferior powers from usurping the jurisdiction of the superior court. The *Seele* court stated that if the court against which the writ is directed is free and inde-

pendent of any supervisory control of the tribunal of superior jurisdiction, and is, within the limits of this jurisdiction, general, in the sense that it has the power to hear and determine the subject of its jurisdiction in its own way, then the writ would not lie, unless the law that created the superior tribunal conferred upon it the power to issue the writ. The court stated: "Every court within this state jurisdiction that has the power to hear and determine judicial controversies is general in its jurisdiction over the subjects that they have cognizance of by the law of their creation; but all such courts are also of special jurisdiction, in the sense that they cannot hear and determine subjects of controversy that are not embraced in the written law that creates and defines their powers. To the written law alone they look to ascertain when they have the power to hear and determine, and when their jurisdiction is prescribed it is relieved of all other. With us these principals of law apply as well to justice courts as they do to the district court."

Our review of the constitution and law of this state and the decisions of the courts of this state reveals nothing to indicate that the district court has supervisory control over the justice of the peace courts. Original jurisdiction over forcible and detainer cases is lodged in the justice of the peace court, and appellate jurisdiction is given to the county court. In these cases there is no appeal to the district court from either the justice of the peace court or the county court.

In a case where a district court issued a writ of mandamus ordering a justice of the peace to file an appeal bond and transmit to the county court a transcript on appeal in a forcible entry and detainer suit, the judgment was reversed by the court of civil appeals and the cause ordered dismissed for the lack of jurisdiction in the district court. *Fry v. McDuffey,* 46 S.W.2d 377 (Tex.Civ. App.—Austin 1932, no writ hist.). There the court of civil appeals stated that in granting power to issue writs of mandamus to the district and county courts, the constitution and statutes grant such power when necessary to the enforcement of the juris-

diction of the court. The court of civil appeals determined that the county court in the exercise of its general and exclusive jurisdiction of appeals from the justice court had the power to remove an impediment to an appeal from the justice court and that no other court had the power to exercise this jurisdiction. See also *Winstead v. Evans,* 33 S.W. 580 (Tex.Civ.App. 1896, writ dism'd.).

The trial court did not err in dismissing the application for the writ of certiorari because it lacked jurisdiction to issue the writ. *Winfrey v. Chandler,* supra; *Brady v. Fry,* 517 S.W.2d 304 (Tex.Civ.App.—Beaumont 1974, no writ hist.).

An additional reason why the judgment of the trial court dismissing the application for writ of certiorari was not erroneous lies in the fact that an adequate remedy at law was available to the applicant. An appeal lies from the judgment of the justice of the peace court in forcible entry and detainer suits to the county court where the proceeding is by a trial de novo. Rules 749 and 751, T.R.C.P. A judgment which discloses its invalidity upon its face anywhere at any time it is a nullity and may be disregarded. Although it is wholly unnecessary to appeal from a void judgment, it is nevertheless settled that an appeal may be taken and the appellate court in such proceeding may declare the judgment void. An extraordinary remedy such as certiorari or mandamus will not lie as a general rule when ordinary remedies are adequate and usually the remedy of appeal is adequate. *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823 (1961). The application for writ of certiorari filed in this case reveals no circumstances unusual in nature which will require the granting of a writ of certiorari.

As is the case with the writ of mandamus, a writ of certiorari cannot take the place, or be used to perform the office of an appeal or writ of error, particularly when the court from which it is sought has no appellate or revisory control over the court against which relief is asked. *Cun-*

*ningham v. City of Corpus Christi,* 260 S.W. 266 (Tex.Civ.App.—San Antonio 1924, no writ hist.); *Grant v. Ammerman,* 437 S.W.2d 547 (Tex.1969); *City of Houston v. Miller,* 436 S.W.2d 368 (Tex.Civ.App.— Houston [14th Dist.] 1968, writ ref'd. n. r. e.).

The judgment is affirmed.

PEDEN and DOYLE, JJ., sitting.