Margaret CLUCK, Appellant,

v.

Elwood CLUCK, Appellee.

No. 04–84–00442–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 11, 1985.

Rehearing Denied Oct. 28, 1985.

Writ Filed Nov. 19, 1985.

Thomas Rocha, Jr., San Antonio, for appellant.

James L. Drought, Brite, Drought, Bobbit & Halter, D. Hull Youngblood, Jr., San Antonio, for appellee.

Before CANTU, TIJERINA and DIAL, JJ.

## OPINION

DIAL, Justice.

Margaret and Elwood Cluck were divorced on May 4, 1981. The judgment awarded to Margaret $49,000.00 payable at the rate of $1,500.00 per month beginning on May 6, 1981, with nine percent (9%) interest per annum on the unpaid balance. In the event of an appeal from this divorce decree, the judgment stipulated that Elwood must pay support pendente lite in the sum of $2,500.00 per month.

The trial court's decision regarding property distribution was appealed and affirmed by this court in *Cluck v. Cluck*, 647 S.W.2d 338 (Tex.App.—San Antonio 1982, writ dism'd).

On September 15, 1982, the district court found Elwood in arrears in the payment of support pendente lite in the amount of $11,-250.00 and held him in contempt. This court granted a writ of prohibition suspending enforcement of the alimony order until proper notice had been given. Thereafter, on July 13, 1983, the district court found Elwood in arrears in the payment of support pendente lite in the sum of $29,-750.00. On September 21, 1983, this court granted Elwood's writ of habeas corpus because the contempt order was vague and because of the absence of a valid commitment order.

On October 17, 1983, Margaret filed her first motion for aid in collection of the judgment rendered pursuant to the divorce decree of May 4, 1981. On November 23, 1983, a hearing was held on the motion, and the settlement agreement made the basis of this appeal was reached by the parties.

The terms of the agreement required Elwood to pay Margaret $10,000.00 cash and set up a new schedule of payments in satisfaction of the original divorce decree. Elwood was to deliver to Margaret his promissory note in the sum of $50,000.00 payable in installments of $1,500.00 per month. Although the agreement made no mention of the $29,750.00 support pendente lite, Margaret did agree to release her judgment lien and claim for contempt against Elwood specifying, however, that nothing in the agreement shall in any way release the rights of the parties to properties other than the judgment lien awarded under the decree of divorce.

On April 9, 1984, Margaret's attorneys filed a motion for entry of the November 23, 1983, settlement agreement. Upon so doing, Margaret discharged them. On June 16, 1984, Margaret's new counsel filed another motion for collection of judgment and attempted discovery as a post-judg-ment creditor. This relief was denied because of the November 23, 1983, settlement agreement. On June 28, 1984, the trial court granted Elwood's motion for entry of judgment, incorporating the terms of the November 23, 1983, settlement agreement. Margaret's motion for new trial was denied and this appeal followed.

In its findings of fact and conclusions of law, the trial court stated that "the settlement agreement is binding upon the parties and is enforceable in lieu of the original decree of divorce."

In point of error one, Margaret complains that the trial court erred in holding that she entered into a valid settlement agreement with her husband on November 23, 1983. We construe this point of error as being a challenge to the sufficiency of the evidence. Since Elwood had the burden of proving a valid settlement agreement in the lower court, we must apply the familiar no evidence and insufficient evidence standards of appellate review.

In reviewing Margaret's "no evidence" point, we must look only to the evidence and inferences favorable to the findings of the court and disregard all evidence and inferences contrary to the findings. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

■ Both parties with counsel were present at the November 23, 1983, hearing when settlement was announced. Margaret's counsel announced to the court that "all matters in controversy between the parties have been settled, compromised and agreed upon...." Margaret's counsel admonished her to "listen carefully to make sure this is your agreement." Thereupon, six items comprising the settlement agreement were read into the record. Margaret questioned a provision of the settlement, and the court, to insure that there was indeed an agreement, instructed the parties to confer. Subsequently, Margaret's counsel asked her specifically if she agreed to the stipulations of the settlement as read into the record. Margaret responded affirmatively. Asked again by her attorney if she was sure she agreed, Margaret

showed her understanding of the agreement by correctly restating a portion of the consideration she was to receive under the agreement. Lastly, when asked by her husband's counsel for assurance that she agreed to all six items read into the record, Margaret responded, "Six items, yes." The court, after having received this confirmation, approved the agreement and pronounced it as the judgment of the court. Neither Margaret nor her attorney offered further protest or objection to the settlement as approved.

The testimony as previously set out clearly constitutes more than a scintilla of evidence that the parties entered into a binding consensual agreement.

A review of Margaret's factual insufficiency point calls for an examination of the whole record and requires not only some evidence be present to support the trial court's finding, but also, that the finding, after consideration of the entire record, not be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (Tex. 1951).

▆ After reading the six provisions of the settlement agreement into the record, there arose some question as to the nature of a $10,000.00 cash payment to be made to Margaret. Elwood's counsel sought to have this $10,000.00 payment designated as interest on the amount of money Elwood agreed to pay from the time of divorce. Such a designation was important only as it affected Elwood's tax liability. Notwithstanding the interest designation, that amount was still to be paid to Margaret as agreed in the settlement. Concerned that there was a discrepancy, the court stated its concern that there was not an agreement and told the parties to confer on the matter. Subsequently, counsel for both parties returned in agreement on that particular issue. When again asked by her counsel if she agreed to the settlement, Margaret repeated only one provision of that agreement. Her counsel twice admonished her not to hedge on what had previously been agreed to. Ultimately, she un-

equivocally agreed to the six provisions of the settlement.

In a situation such as this, the trial judge is uniquely positioned to hear testimony and resolve the issue before him. Faced with the record before us, we cannot hold that the trial court's conclusion that there was a binding valid agreement was unsupported by factually sufficient evidence. Point of error one is overruled.

Point of error two questioning Margaret's consent to the agreement, and point of error four concerning the amount owed by Elwood to Margaret pursuant to the settlement agreement are merely evidentiary issues encompassed by point of error one concerning the existence of a valid agreement. Therefore, they are superfluous and need not be addressed.

In points of error 1–B and 3, Margaret asserts the trial court erred in holding that the November 23, 1983, settlement agreement disposed of all her claims against Elwood. Specifically, Margaret alleges that the settlement agreement did not include her claim for $29,750.00 in overdue support pendente lite payments, of which the failure to pay brought about her claim for contempt against Elwood.

Finding of fact two recites that the settlement agreement was "intended to, and did, conclude and dispose of all matters subsequently raised by Petitioner's Motion for Appointment of Receiver and Second Amended Motion for Enforcement of Judgment and for Alternative Relief Under Article 3827A." Referring back to these documents, we find that the issue of overdue temporary support payments pendente lite was clearly raised. Consequently, if there is sufficient evidence to support the trial court's finding that the settlement agreement disposed of that issue, we must overrule Margaret's contention.

On November 23, 1983, Margaret's counsel, prior to reading the settlement agreement into the record, announced "that *all* matters in controversy between the parties have been settled, compromised, and agreed upon...." (Emphasis added). The $29,750.00 in past due temporary support

payments was undoubtedly a matter in controversy at that time. Furthermore, provision three of the settlement agreement provides that "Margaret Cluck will release her judgment lien and claim for contempt against Elwood Cluck...." Margaret's "claim for contempt" arose exclusively out of Elwood's failure to pay temporary support.

■ As was the case with the issue regarding a valid settlement agreement, the trial judge heard the testimony, weighed the evidence, and concluded that the $29,750.00 in support pendente lite had been disposed of by the November 23rd settlement agreement. We find this conclusion to be supported by both legally and factually sufficient evidence. Points of error 1–B and 3 are overruled.

In point of error five, Margaret complains of the trial court's refusal, subsequent to the November 23, 1983, agreement, to allow her a trial on the issues raised by her motions for enforcement of the original divorce decree. In point six, Margaret contends she was entitled to a trial under article 3827a, the Texas Turnover Statute, to show that Elwood has materially breached the November 23, 1983, settlement agreement.

On June 19, 1984, Margaret filed her Motion for Appointment of Receiver, to "aid her in the collection of the money awarded to her in the judgment of May 6, [sic] 1981." On June 16, 1984, Margaret filed her Second Amended Motion for Enforcement of Judgment and for Alternative Relief Under Article 3827a. That motion, likewise, sought "enforcement" and "collection" of the original divorce decree. Elwood responded with his motion for entry of final order based on the settlement agreement.

■ On June 28, 1984, the motions were heard and the trial court entered judgment in conformity with the November 23, 1983, settlement agreement. The entry of that final written order precluded further proceedings to enforce or collect sums allegedly due under the previous divorce decree.

The settlement agreement was binding and enforceable and judgment was properly rendered thereon. The trial court was correct in declining to entertain an evidentiary hearing on Margaret's motions for collection and enforcement of the earlier divorce decree.

With regard to point of error six, we certainly agree that Margaret is entitled to a trial under article 3827a to show that Elwood has materially breached the settlement agreement; however, at the time the final judgment complained of was entered, Margaret had made no formal allegations concerning the breach of that agreement. Her only allegation was that she was entitled to pursue collection of the original divorce decree since there was no valid settlement agreement. Since our decision confirms the validity of the settlement agreement, this issue is actually before us prematurely. If the agreement is subsequently breached, either party may sue for its enforcement. At this time, however, that issue is not before this court. Points of error five and six are overruled.

By way of supplemental brief, Margaret urges that the recent case of *Tackett v. Proffitt*, 695 S.W.2d 55 (Tex.App.—Corpus Christi, 1985, no writ), is controlling on the issue of her right to a jury trial.

The case at bar is distinguishable from the *Tackett* case, since in that case the parties agreed that entry of judgment would be delayed and made conditional upon repair of the damaged property.

In this case, at the close of the November 23, 1983, hearing, where the settlement agreement was pronounced, the trial judge recited, "I approve the agreement and pronounce that as judgment of the court...."

■ The "rendition" of a judgment is the pronouncement by the court of its conclusions and decision upon the matter submitted to it for adjudication, which may be oral as well as written. *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289, 292 (1953). A judgment is "rendered" as of the date on which the trial judge declares in open court his decision on the matters submitted to

him for adjudication, and oral pronouncement by the court of its decision is sufficient for rendition of judgment. *Farr v. McKinzie,* 477 S.W.2d 672, 676 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.); *see also Flores v. Onion,* 693 S.W.2d 756 (Tex.App.—San Antonio, 1985, no writ); *Davis v. Davis,* 647 S.W.2d 781, 783 (Tex.App.—Austin 1983, no writ). All parties and counsel were present at the November 23, 1983, hearing. A settlement agreement was reached and read into the record. The trial court found the agreement to be consensual and binding and pronounced it as judgment of the court. We have already held the evidence was sufficient to support the trial court's conclusion as to validity. The rendition of that judgment constitutes an absolute bar to Margaret's attempt to revive the issue.

■ In point of error seven, Margaret contends the trial court erred in changing the terms of the November 23, 1983, agreement. In point eight, she also contends that the trial court was without authority to change the judgment of May 4, 1981.

The final order of June 28, 1984, incorporates verbatim the six enumerated paragraphs of the November 23, 1983, settlement agreement. The agreement was in no way changed; it was merely ordered to be performed.

Likewise, the final order entered on June 28, 1984, makes no changes to the May 4, 1981, original divorce decree. Subsequent to the May 4, 1981, divorce decree there arose legitimate disputes as to the amounts that remained owing and collectible under that judgment. The settlement agreement of November 23, 1983, was a compromise towards the resolution of those disputes. As we have previously held, that settlement agreement was valid and enforceable; consequently, the final order entered on June 28, 1984, which incorporated by reference the November 23, 1983, settlement agreement, in no way modified the original divorce decree entered on May 4, 1981. Instead, it merely confirmed by appropriate order the controlling settlement agreement.

Points of error seven and eight are overruled.

In point of error nine, Margaret contends that the trial court's findings of fact and conclusions of law do not comport with TEX.R.CIV.P. 297, and that she has been damaged by their form and content. The single paragraph argument accompanying this point of error is extremely vague. Apparently Margaret contends that the trial court's formal findings of fact and conclusions of law were improper in that they incorporated by reference prior findings and conclusions enunciated by the court in its earlier Final Order on Post-Judgment Collection Proceedings.

Margaret cites no authority for her complaint, nor does she specify the harm incurred. The findings and conclusions of the court are sufficient to disclose the facts and legal conclusions upon which the order of June 28, 1984, was based. Point of error nine is overruled.

The trial court's judgment is affirmed.