# NO. 12-11-00102-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WESTWOOD SHORES COUNTRY CLUB AND TIM WILLIAMS, APPELLANTS/CROSS-APPELLEES* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW #3* |
| *BERT LEE HENDRICKSON, SR., APPELLEE/CROSS-APPELLANT* | § | *SMITH COUNTY, TEXAS* |

## *OPINION*

Westwood Shores Country Club and Tim Williams (collectively Appellants) appeal the trial court's judgment awarding sanctions to Appellee Bert Lee Hendrickson, Sr. Appellants raise seven issues on appeal. Hendrickson filed a cross appeal, in which he challenges the trial court's award of damages to Appellants. We reverse and render judgment dismissing the cause in the county court at law for want of jurisdiction.

## BACKGROUND

Williams owns Westwood Shores Country Club (the Club) located in Trinity County, Texas. Hendrickson owns property in a subdivision that is subject to certain deed restrictions requiring property owners to pay maintenance fees to the Club. Hendrickson resides in Harris County, Texas.

In 2005, Williams filed suit in the Justice Court, Precinct 2 of Smith County, Texas, seeking to recover maintenance fees and late fees he alleged Hendrickson owed the Club. Hendrickson was not served with citation until 2009. Hendrickson filed a motion to transfer venue. Thereafter, Hendrickson filed a motion for sanctions against Williams based on his filing suit in an improper venue. Before a hearing could be conducted on Hendrickson's motion to

transfer venue, Williams nonsuited his claim. Hendrickson continued to pursue his motion for sanctions and, ultimately, was awarded $3,000.00 in sanctions by the justice court.

Williams sought to pursue an appeal to the County Court at Law, Number 3 of Smith County, Texas, for a trial de novo. He also filed a petition for writ of certiorari with the county court at law. These two causes were later consolidated. In the county court at law, Williams reurged his claim for the maintenance fees and late fees allegedly owed to him by Hendrickson, and, as before, Hendrickson sought sanctions based on Williams's filing suit in an improper venue. The county court at law determined that some of Appellants'[1] claims for maintenance fees and late fees were barred by limitations, but that they were entitled to recover $4,940.10 in maintenance fees and late fees that were not time barred. The court further awarded Appellants $1,500.00 in attorney's fees. Moreover, the court determined that Hendrickson was entitled to $12,500.00 in attorney's fees as sanctions. This appeal followed.

## JURISDICTION

In summarizing their argument, Appellants initially note that this is an "unusual case." We concur. In considering the procedural history of this case, we must first assess the trial court's jurisdiction. *See* **Geldard v. Watson**, 214 S.W.3d 202, 206 (Tex. App.—Texarkana 2007, no pet.) (citing **Tex. Ass'n of Bus. v. Tex. Air Control Bd.**, 852 S.W.2d 440, 445–46 (Tex. 1993)); *see also* **It's the Berrys, LLC v. Edom Corner, LLC**, 271 S.W.3d 765, 769 (Tex. App.—Amarillo 2008, no pet.) ("The existence of subject matter jurisdiction may be raised for the first time on appeal by the parties or the court on its own motion."). Subject matter jurisdiction cannot be conferred by agreement of the parties. *See* **Fed. Underwriters Exch. v. Pugh**, 174 S.W.2d 598, 541–42 (Tex. 1943). Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. **Tex. Dep't of Parks & Wildlife v. Miranda**, 133 S.W.3d 217, 228 (Tex. 2004).

**Untimely Appeal from Justice Court to County Court at Law**

Texas Rule of Civil Procedure 523 sets forth that all rules governing the district and county courts shall also govern the justice courts, insofar as they can be applied, except where

---

[1] Williams owns T.F.W. Management, Inc. d/b/a Westwood Shores Country Club. Westwood Shores Country Club was added as a party on August 11, 2010. However, several events referred to in our analysis of this matter occurred before Westwood Shores became a party.

otherwise specifically provided by law or these rules. *See* TEX. R. CIV. P. 523. But nothing in the rules of civil procedure suggests that Texas Rule of Civil Procedure 329b(d)'s thirty day grant of plenary power applies to the justice courts. *See **Ramirez v. Archie***, No. 08-02-00265-CV, 2004 WL 1284013, at *1 (Tex. App.–El Paso June 10, 2004, no pet.); *see also* TEX. R. CIV. P. 329(d). To the contrary, Texas Rules of Civil Procedure 567 and 571, which govern new trials in the justice court and appeals from the justice court respectively, indicate that justice courts, unlike district and county courts, do not have a thirty day grant of plenary power. *See* TEX. R. CIV. P. 567, 571; ***Ramirez***, 2004 WL 1284013, at *1.

Furthermore, Rule 567 provides that a justice court may grant a new trial within ten days of rendering judgment. *See* TEX. R. CIV. P. 567. Unlike motions for new trial in district and county courts, filing a motion for new trial in justice court does not enlarge the time period for filing an appeal bond. *Compare* TEX. R. CIV. P. 567 *with* TEX. R. APP. P. 41(a)(1); *see **Searcy v. Sagullo***, 915 S.W.2d 595, 596–97 (Tex. App.–Houston [14th Dist.] 1996, no writ).

A party also has ten days from "the date a judgment or order overruling [a] motion for new trial is signed" to file an appeal bond with the justice court. TEX. R. CIV. P. 571. If the appeal bond is not timely filed, the county court is without jurisdiction to hear the appeal and the appeal should be dismissed for lack of jurisdiction. ***Searcy***, 915 S.W.2d at 597; ***Fruit Dispatch Co. v. Indep. Fruit Co.***, 198 S.W. 594, 595 (Tex. Civ. App.–Dallas 1917, no writ).

In the case at hand, the affidavit attached to Appellants' petition for writ of certiorari sets forth that the trial was conducted by the justice court on March 17, 2010, and that the justice court, on that day, "order[ed Williams to pay] $3,000 to Hendrickson for attorney's fees." The trial court signed a written judgment later that day.

Judgment is "rendered" as of the date on which the trial judge declares in open court his decision on matters submitted to him for adjudication. *See **Cluck v. Cluck***, 699 S.W.2d 246, 250 (Tex. App.–San Antonio 1985, writ ref'd n.r.e.). An oral pronouncement by the court of its decision is sufficient for "rendition" of judgment. ***Id.*** We conclude that the justice court's ordering Williams to pay $3,000 in attorney's fees at trial constituted its rendition of judgment. However, Williams declined to file a motion for new trial. Moreover, Williams did not file his appeal bond with the justice court in an attempt to perfect his appeal to the county court at law

3

until on or about April 6, 2010. Accordingly, because Williams did not timely perfect his appeal, the county court at law lacked jurisdiction to consider it. *Searcy*, 915 S.W.2d at 597.

### *Late Knowledge of Signed Judgment*

In his affidavit attached to his petition for writ of certiorari, Williams's attorney sets forth that he did not receive notice of the justice court's signed judgment until March 31, 2010, at which point he sought to file a motion to extend appellate deadlines. The record does not contain a copy of this motion, and, as such, we are not able to determine whether it complied with Texas Rule of Procedure 306a(5).

Regardless, Texas Rule of Civil Procedure 306a(4) is designed to operate in conjunction with the thirty day extension of plenary power granted to district and county courts. *See* TEX. R. CIV. P. 306a(4), 329b. As set forth previously, Rule 523 states that all rules governing the district and county courts shall also govern the justice courts, *insofar as they can be applied . . . .*" TEX. R. CIV. P. 523 (emphasis added). Under the facts of the instant case, we hold that Rule 306a(4) cannot be applied. Rule 306a(4) provides that the appellate timetables can be extended only if the appellant received late notice of a judgment more than twenty days after the judgment was signed. *See* TEX. R. CIV. P. 306a(4); *In re Rhodes*, 293 S.W.3d 342, 343–44 (Tex. App–Fort Worth 2009, orig. proceeding). The time periods set forth in Rule 306a(4) and the time periods for perfecting an appeal from justice court bear no correlation to one another. For example, to extend appellate deadlines under Rule 306a(4), a party must receive knowledge of the signed judgment more than twenty days after the judgment is signed. *See* TEX. R. CIV. P. 306a(4). But were we to apply that rule to the case at hand, after twenty days, the plenary power of the justice court would have already expired. *See* TEX. R. CIV. P. 567, 571; *Ramirez,* 2004 WL 1284013, at *1. We are without authority to divine a comparable set of time periods in instances where a party did not receive notice of a signed judgment from a justice court. What is more, the record reflects that Williams did have notice that judgment had been rendered, but failed to timely file a motion for new trial. In any event, Williams was not left without a remedy since he could, and did, file a timely petition for writ of certiorari with the trial court on May 4, 2010.

## Petition for Writ of Certiorari

We next consider whether the county court at law had jurisdiction to consider this matter by virtue of Williams's petition for writ of certiorari.

*Historical Overview and Governing Law Pertaining to Writs of Certiorari*

Certiorari is a writ issued by a superior court to an inferior court of record, requiring the latter to send to the former some proceedings therein pending, or the records or proceedings in some cause already terminated, in cases where the procedure is not according to the course of the common law. **Ramsey v. Morris**, 578 S.W.2d 809, 811 (Tex. Civ. App.–Houston [1st Dist.] 1979, writ dism'd). It is the office of a common law writ of certiorari to correct errors of law apparent on admitted or established facts. **Id.** It is not an appropriate procedure in cases where there are disputed issues of fact. **Id.**; *see State v. De Silva*, 145 S.W. 330, 333 (1912).

The writ of certiorari was known to the common law before statutes authorizing its use were enacted. *See* **Ramsey**, 578 S.W.2d at 811. And it seems to be well settled that the writ of certiorari as used to correct the proceedings of inferior tribunals is not a writ of right, but issues only on special cause shown to the court to which application is made. *See* **id.** The court is vested with judicial discretion to grant or refuse the writ as justice may seem to require. *See* **id.** Only where the error is manifest and substantial injury has been sustained should the writ be allowed. **Id.** The court will not award a writ where the errors complained of are merely informal and technical, or where, although there is error in fact, substantial justice has been done and no appreciable injury has resulted to the complaining party. **Id.** The remedy by certiorari is independent of the one by appeal, and additional thereto. **Crawford v. Siglar**, 470 S.W.2d 915, 917 (Tex. Civ. App.–Texarkana 1971, writ ref'd n.r.e.). Appeal from a justice court and certiorari are cumulative remedies. **Id.**

After a final judgment in a case tried in justice court in which the judgment or amount in controversy exceeds $250, exclusive of costs, a person may remove the case from the justice court to the county court by writ of certiorari. TEX. CIV. PRAC. & REM. CODE ANN. § 51.002(a) (West 2008). If a writ of certiorari to remove a case is served on a justice of the peace, the justice shall immediately make a certified copy of the entries made on his docket and the bill of costs, as provided in cases of appeals, and shall immediately send them and the original papers in the case to the clerk of the county court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 52.002(b) (West 2008); *see also* TEX. R. CIV. P. 576.

The writ shall not be granted unless the applicant, or some person for him having knowledge of the facts, shall make an affidavit setting forth sufficient cause to entitle him thereto.

5

TEX. R. CIV. P. 577. To constitute a sufficient cause, the facts stated must show that either the justice of the peace lacked jurisdiction, or that injustice was done to the applicant by the final determination of the suit or proceeding, and that such injustice was not caused by his own inexcusable neglect. The writ of certiorari "shall not be granted after ninety days from the time the final judgment is signed." TEX. R. CIV. P. 579.

Furthermore, the writ shall not be issued unless the applicant shall first cause to be filed a bond with two or more good and sufficient sureties, to be approved by the clerk, payable to the adverse party, in such sum as the judge shall direct, to the effect that the party applying therefor will perform the judgment of the county court if the same shall be against him. *See* TEX. R. CIV. P. 580. As soon as such affidavit, order of the judge, and bond shall have been filed, the clerk shall issue a writ of certiorari. TEX. R. CIV. P. 582.

### *No Bond Filed with County Court at Law and No Writ of Certiorari Issued*

In the instant case, Williams timely filed a petition for writ of certiorari and supporting affidavit in the county court at law. However, Williams never filed a bond with the clerk of the county court at law in compliance with Rule 580. *See* TEX. R. CIV. P. 580; *see, e.g., **Nelms v. Draub***, 22. S.W. 995, 996 (Tex. Civ. App.–Austin 1893, no writ) (bond required in conjunction with writ of certiorari to be filed with county clerk). Accordingly, because no bond in compliance with Rule 580 was filed, the clerk of the county court at law was under no duty to cause the writ of certiorari to issue. *See* TEX. R. CIV. P. 582; *see also **Cotton v. Gammon***, 4 Tex. 83, 84 (1849) (motion to dismiss writ of certiorari rightfully sustained because writ issued without any bond). Indeed, the county court at law never issued a writ of certiorari to the justice court.[2]

Section 51.002 sets forth that removal of the case from the justice court to the county court is accomplished by writ of certiorari. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 52.001(a). Rule 579 states that the county court may not grant the writ outside of ninety days after the time the final judgment is signed in the justice court. *See* TEX. R. CIV. P. 579. Because here, the county court at law (1) did not issue a writ, (2) is now time barred from issuing a writ, and, (3) due to

---

[2] Neither a bond in compliance with Rule 580 nor a writ of certiorari is part of the clerk's record. Further, neither Williams's petition for writ of certiorari nor the accompanying affidavit reference any such bond. We contacted the clerk of the county court at law to inquire about supplementing the clerk's record with these documents and were informed that no bond was filed in the county court at law and the court had not issued a writ of certiorari in this matter. *See* TEX. R. APP. P. 34.5(c)(1) (appellate court may request relevant items omitted from clerk's record).

6

Williams's failure to file a bond in compliance with Rule 580, could not have issued a writ, it never acquired jurisdiction to review the justice court's judgment under certiorari proceedings.

**Summation**

Because Williams did not timely file an appeal bond with the justice court, we hold that the county court at law did not have jurisdiction to consider his appeal. *Searcy*, 915 S.W.2d at 597. Further, because Williams did not file a bond with the clerk of the county court at law pursuant to Rule 580, the county court at law could not issue a writ of certiorari and is now time barred from doing so. Accordingly, we further hold that the county court at law never acquired jurisdiction to review the justice court's judgment under certiorari proceedings. Because the county court at law lacked jurisdiction to render judgment in the trial de novo, the cause in the county court at law should be dismissed for want of jurisdiction.[3]

### DISPOSITION

Having held that the county court at law lacked subject matter jurisdiction, we *reverse* the judgment of the county court at law and *render* judgment dismissing the cause in the county court at law for ***want of jurisdiction***.

### SAM GRIFFITH
Justice

Opinion delivered January 23, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[3] Because we have held that the county court at law lacked jurisdiction, we do not reach the issues raised in Appellants' appeal or in Hendrickson's cross appeal. *See* TEX. R. APP. P. 47.1.

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 23, 2013**

**NO. 12-11-00102-CV**

**WESTWOOD SHORES COUNTRY CLUB AND TIM WILLIAMS**,

Appellants/Cross-Appellees,

V.

**BERT LEE HENDRICKSON, SR.,**

Appellee/Cross-Appellant

Appeal from the County Court at Law #3
of Smith County, Texas. (Tr.Ct.No. 57,978-B)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein; and the same being considered, it is the opinion of this court that the county court at law court is without jurisdiction of the appeal and certiorari proceedings, and that the cause in the county court at law should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that the judgment of the county court at law is hereby **reversed** and judgment **rendered** that the cause in the county court at law is **dismissed for want of jurisdiction**; and that all costs of this appeal be, and the same are, adjudged against the Appellants, **WESTWOOD SHORES COUNTRY CLUB AND TIM WILLIAMS,** for which let execution issue; and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*