In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-12-00519-CV

**KATHERINE NORMA KESSEL-REVIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law**
**Polk County, Texas**
**Trial Cause No. CV 02879**

**MEMORANDUM OPINION**

This is a restricted appeal by Katherine Norma Kessel-Revis from the dismissal of an application for writ of certiorari through which she sought to challenge an order of the justice court divesting her of ownership of cruelly treated animals. Kessel-Revis complains: (1) the documents filed with the justice court do not establish that she was cruel to her horses, as opposed to the cows, dogs, and chickens that were returned to her by the justice court; (2) the animal control authority treated her differently than it treated a different horse owner in another

1

animal cruelty case filed in August 2011; and (3) the trial court did not conduct a jury trial. In her statement of facts, Kessel-Revis mentions that the eleven horses were not listed in the warrant. We affirm the trial court's judgment.

## Restricted Appeal

A party may prevail in a restricted appeal if (1) she filed notice of appeal within six months after the judgment was signed; (2) she was a party to the underlying lawsuit; (3) she did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (quoting *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)); *see* Tex. R. App. P. 25.1(d)(7).

## Background

On November 10, 2011, a justice of the peace signed a final order that divested Kessel-Revis of ownership of eleven horses and ordered her to pay $3,230 to reimburse the State for expenses incurred for the seizure and care of the animals. *See* Tex. Health & Safety Code Ann. § 821.023 (West Supp. 2013). She did not file an appeal bond within ten days and thus, failed to perfect an appeal to the county court at law. *See id.* § 821.025. On December 2, 2011, Kessel-Revis filed a

2

pro se application for writ of certiorari with the county court at law (the trial court). Neither a bond nor a signed writ of certiorari appears in the record. *See* Tex. R. Civ. P. 580, 582.[1] On December 7, 2011, Kessel-Revis filed a motion for a continuance in which she stated that she needed additional time to hire counsel. On the same day, she filed an affidavit of inability to pay costs. The affidavit of inability to pay costs states that she has $2,144.89 in her checking account and $1,900 in cash, that she has monthly income of $4,226 and monthly expenses of $3,812, and that she is unable to pay the whole amount of the $6,460 appeal bond.

The State moved to dismiss for lack of jurisdiction because Kessel-Revis failed to file notice of appeal within the time required by section 821.025. *See* Tex. Health & Safety Code Ann. § 821.025(b) (a notice of appeal and bond must be filed within ten days after the order issues). Now represented by counsel, Kessel-Revis responded that certiorari is a means of reviewing a justice court's judgment that is independent of an appeal. An order denying the State's motion to dismiss appears in the record, but it is unsigned. On January 26, 2012, Kessel-

---

[1] Generally, the rules of practice in justice courts have been repealed and new rules promulgated effective for all cases pending on August 31, 2013. *See* Tex. Sup. Ct. Misc. Docket No. 13-9049, 76 Tex. B.J. 440, available at http://www.texasbar.com/AM/Template.cfm?Section=Texas_Bar_Journal&Template=/CM/ContentDisplay.cfm&ContentID=22242 (repealing Texas Rules of Civil Procedure 523-91). Throughout this opinion we refer to the rules of civil procedure in effect in 2011 and 2012.

Revis appeared through counsel at a hearing on the application for writ of certiorari. Counsel explained his client's dissatisfaction with the proceedings before the justice court and informed the trial court that Kessel-Revis filed an application for writ of certiorari because she lacked sufficient funds for an appeal bond. The trial court expressed skepticism regarding whether certiorari would be appropriate under the circumstances, but expressed its willingness to have a hearing on the matter. On January 30, 2012, the court coordinator acknowledged the filing of a request for a jury trial by Kessel-Revis, informed the parties that the bench trial scheduled for February 2, 2012, had been cancelled, and notified the parties that a pre-trial hearing would be held on February 13, 2012.

On February 13, 2012, the State filed another motion to dismiss that alleged (1) Kessel-Revis failed to perfect a timely appeal as the sole remedy from an order for disposition of cruelly treated animals; (2) the seized animals had already been adopted and were no longer in the State's custody, as required for an *in rem* proceeding; and (3) because the justice court had jurisdiction to order the animals' seizure and her failure to perfect an appeal was due to her own inexcusable neglect, sufficient cause for issuing a writ of certiorari was not present. The trial court gave Kessel-Revis until March 1, 2012, to file a response to the motion and indicated it

4

would rule on the written submissions without conducting an additional hearing. No response appears in the record.

Noting that Kessel-Revis had not filed a response to the motion to dismiss the application for writ of certiorari, on April 20, 2012, the trial court found lack of sufficient cause to issue the writ of certiorari, and signed an order dismissing the application for writ of certiorari and affirming the justice court's judgment.

## Notice of Restricted Appeal

Acting without benefit of counsel, Kessel-Revis filed a notice of appeal on October 29, 2012. She later amended the notice of appeal to reflect that she was taking a restricted appeal. *See Sweed v. Nye*, 323 S.W.3d 873, 875 (Tex. 2010); *see also* Tex. R. App. P. 25.1(d)(7), (g). Because Kessel-Revis filed a notice of appeal within fifteen days after the deadline for filing a notice of appeal for a restricted appeal, and the record shows that she is unfamiliar with the legal system and inadvertently missed the deadline, we grant an extension for filing notice of restricted appeal. *See Hone v. Hanafin*, 104 S.W.3d 884, 887 (Tex. 2003).

## Non-Participation

To bring a restricted appeal, the appellant must not have participated in the hearing that resulted in the judgment. *Lejeune*, 297 S.W.3d at 255. Only the fact of non-participation matters; the appellant is not required to show diligence or lack of

5

negligence. *Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 590 (Tex. 1996). The "hearing" is the decision-making event at which issues of fact and questions of law are determined. *See id.* at 589-90. Courts construe the non-participation requirement liberally in favor of the right to appeal. *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985) (discussing requirements for appeal by "writ of error," which has been replaced by the restricted appeal).

Kessel-Revis's attorney of record appeared at two hearings, but the trial court did not determine issues of fact and law in either hearing. The judgment is the result of the trial court's ruling on the motion to dismiss that the State filed on the day of the second hearing. At that time, the trial court determined that it would consider the motion by written submission and gave Kessel-Revis until March 1, 2012, to file a written response. Because she did not file a response, and in its order of dismissal the trial court found that she failed to respond to the State's motion, we conclude that Kessel-Revis did not participate in the hearing that resulted in the judgment that is the subject of the restricted appeal. *See Hornsby v. Alter's Gem Jewelry, Ltd.*, No. 09-04-542 CV, 2005 WL 3073790, at **1-2 (Tex. App.—Beaumont Nov. 17, 2005, pet. denied) (mem. op.) (a party who does not submit a response to a matter determined on written motion meets the non-participation requirement for a restricted appeal).

## Error on the Face of the Record

To prevail in her restricted appeal, Kessel-Revis must show that her complaints amount to reversible error on the face of the record. *See Lejeune*, 297 S.W.3d at 255. We cannot consider extrinsic evidence, nor may error be implied from a silent record. *Ginn v. Forrester*, 282 S.W.3d 430, 432-33 (Tex. 2009).

## Procedure for Writ of Certiorari

This case is controlled by the procedure for writ of certiorari that existed before 2014. Under those rules, before a writ of certiorari may issue, the applicant for the writ must make an affidavit setting forth sufficient cause to issue the writ. Tex. R. Civ. P. 577. The facts stated in the affidavit must show that either the justice court lacked jurisdiction, or that injustice was done to the applicant that was not caused by the applicant's inexcusable neglect. Tex. R. Civ. P. 578. The writ cannot be issued unless the applicant files a bond with at least two sureties in a sum set by the trial court. Tex. R. Civ. P. 580. The writ shall issue when the affidavit, the order of the judge to issue the writ, and the bond have been filed. Tex. R. Civ. P. 582. The justice court issues a stay of execution on the justice court's judgment when the writ of certiorari is served on the justice of the peace. Tex. R. Civ. P. 583. At that point, citation issues to the opposing party. Tex. R. Civ. P. 584. The case is then docketed. Tex. R. Civ. P. 585. Within thirty days after

service of citation, the adverse party may move to dismiss the certiorari for lack of sufficient cause appearing in the affidavit or for lack of sufficient bond. Tex. R. Civ. P. 586. If the trial court grants the dismissal, it directs the justice court to proceed with the execution of the judgment. Tex. R. Civ. P. 588. If the trial court takes jurisdiction, the case is tried de novo. Tex. R. Civ. P. 591.

## The Face of the Record

No writ of certiorari appears on the face of the appellate record. We cannot imply that the writ issued. *Ginn*, 282 S.W.3d at 432-33. Because the record does not reveal that the writ issued, the face of the record does not show that the trial court erred by failing to exercise jurisdiction over the case, including conducting a jury trial. *See Westwood Shores Country Club v. Hendrickson,* 395 S.W.3d 298, 303-04 (Tex. App.—Tyler 2013, no pet.). The justice court stays further proceedings and transmits the papers on file and a bill of costs when the writ issues. *See* Tex. R. Civ. P. 576, 583, 589. Because the justice court's record does not appear in the appellate record, we cannot imply that the case was removed from the justice court to the trial court. *Ginn*, 282 S.W.3d at 432-33. Without a writ of certiorari and the justice court papers in the record, the face of the record does not support Kessel-Revis's argument on appeal that the justice court lacked

jurisdiction over the animal cruelty case or treated Kessel-Revis unjustly when it returned some animals to her but divested her of ownership of the eleven horses.

Further, we cannot conclude from the face of the record that it was error to fail to issue the writ of certiorari. If the documents do not appear in the record, we cannot imply that the trial court set a bond amount or ordered the clerk of the court to issue the writ. *See Ginn*, 282 S.W.3d at 433. The trial court did not sign the proposed order in the record. That proposed order included a blank for the bond amount. Although Kessel-Revis had filed an affidavit of inability to pay court costs in which she stated that she could not afford a $6,460 appeal bond, the face of the record does not show that she presented the affidavit to the trial court and asked the trial court to set a bond that she could afford. The writ will issue only when a bond and affidavit are filed and the trial court orders that the writ issue. *See* Tex. R. Civ. P. 575, 582. Because the face of the record does not show that Kessel-Revis satisfied the prerequisites for the writ, we must conclude that the trial court did not err by not directing the clerk of the court to issue the writ of certiorari. *See Hendrickson,* 395 S.W.3d at 303-04.

Finally, we note that the trial court cannot grant the writ after the expiration of ninety days from the date of the justice court's judgment. *See* Tex. R. Civ. P. 579. The ninety day period in which the writ of certiorari could issue expired on

9

February 8, 2012. *See id.* When the trial court signed the April 20, 2012 order dismissing the application for writ of certiorari, the allowable time period for issuing the writ had expired. *See id.* The trial court did not abuse its discretion by dismissing the application. *Hendrickson*, 395 S.W.3d at 304. We overrule the issues raised in the appellant's brief and affirm the trial court's judgment.

       AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on March 4, 2014
Opinion Delivered June 12, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.