

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00047-CV

_____

CAROL PASELK, Appellant

V.

JUSTICE OF THE PEACE, PRECINCT 1, YVONNE KING, Appellee

On Appeal from the County Court
Hopkins County, Texas
Trial Court No. CV14-08223

Before Morriss, C.J., Moseley and Carter,* JJ.
Opinion by Justice Moseley

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

O P I N I O N

Carol Paselk appeals an order denying her application for writ of certiorari,[1] which argued that the Honorable Yvonne King, Hopkins County Justice of the Peace—Precinct One, did not have jurisdiction to enter an order authorizing seizure of her fifty-seven horses. Because Paselk's application for writ of certiorari was untimely, we find that the County Court of Hopkins County properly denied her requested relief.[2]

"The writ of certiorari was known to the common law before statutes authorizing its use were enacted . . . ." *Ramsey v. Morris*, 578 S.W.2d 809, 811 (Tex. Civ. App.—Houston [1st Dist.] 1979, writ dism'd). "[T]he writ of certiorari as used to correct the proceedings of inferior tribunals is not a writ of right . . . ." *Id.* It "issues only on special cause shown to the court to which application is made, and the court is vested with judicial discretion to grant or refuse the writ as justice may seem to require." *Id.*; *see Westwood Shores Country Club v. Hendrickson*, 395 S.W.3d 298, 303 (Tex. App.—Tyler 2013, no pet.) ("The court is vested with judicial discretion to grant or refuse the writ as justice may seem to require.").

Chapter 821 of the Texas Health and Safety Code permits a peace officer to apply for a warrant to seize an animal if the officer has reason to believe that the animal has been cruelly treated. TEX. HEALTH & SAFETY CODE ANN. § 821.022(a) (West 2010). Here, Hopkins County

---

[1]After the denial of her application for certiorari, Paselk filed a motion to vacate King's order. Although Paselk argues that she is also appealing from the denial of the motion to vacate, nothing in the record suggests that the trial court ruled on this motion.

[2]We note that Paselk previously appealed two convictions for cruelty to livestock after a trial that discussed the facts and circumstances of the seizure of the horses mentioned in this appeal. In 2010, we upheld both convictions. *Paselk v. State*, No. 06-09-00214-CR, 2010 WL 3034258, at *1 (Tex. App.—Texarkana Aug. 5, 2010, pet. ref'd) (mem. op., not designated for publication); *Paselk v. State*, No. 06-09-00215-CR, 2010 WL 3034255, at *1 (Tex. App.—Texarkana Aug. 5, 2010, pet. ref'd) (mem. op., not designated for publication).

2

Sheriff's Deputy Tanner Crump swore that horses under Paselk's care were being cruelly treated and applied for a warrant to seize them. Pursuant to the provisions of Section 821.022(b) of the Texas Health and Safety Code, King (1) determined that there was probable cause to believe the horses were being cruelly treated, (2) issued a warrant for animal seizure, and (3) set a hearing date on the matter within ten days of the issuance of the warrant. *See* TEX. HEALTH & SAFETY CODE ANN. § 821.022(b) (West 2010). Paselk was given written notice of and appeared at the hearing. After the hearing, King determined that Paselk had cruelly treated fifty-seven horses, divested her of ownership of the animals, and ordered them to be given to the True Blue Animal Rescue and the Bluebonnet Equine Rescue Service. *See* TEX. HEALTH & SAFETY CODE ANN. § 821.023(d), (e) (West 2010). The order was entered on May 19, 2009, and Paselk did not appeal. *See* TEX. HEALTH & SAFETY CODE ANN. § 821.025 (West Supp. 2014) (providing procedure for appeal by owner divested of ownership of an animal).

Section 51.002 of the Texas Civil Practice and Remedies Code provides that, "[a]fter final judgment in a case tried in justice court in which the judgment or amount in controversy exceeds $250, . . . a person may remove the case from the justice court to the county court by writ of certiorari."[3] TEX. CIV. PRAC. & REM. CODE ANN. § 51.002(a) (West 2008). On February 14, 2014, Paselk filed a petition for writ of certiorari in the County Court of Hopkins

---

[3]"The remedy by certiorari is independent of the one by appeal, and additional thereto." *Crawford v. Siglar*, 470 S.W.2d 915, 917 (Tex. Civ. App.—Texarkana 1971, writ ref'd n.r.e.).

3

County, Texas, challenging the May 19, 2009, order on the ground that the justice of the peace did not have jurisdiction to enter it.[4]

The rules of practice for writ of certiorari procedures are set forth in Rule 506.4, which states that an application for writ of certiorari "must be filed within 90 days after the date the final judgment is signed." TEX. R. CIV. P. 506.4(d).[5] King moved to dismiss Paselk's application on the ground that it was initially unsworn and was filed several years after the date of the final judgment.[6] The County Court of Hopkins County denied Paselk's application after finding "that the statutory requirements for relief [were] not proper pursuant to the pleadings."

Because Paselk's application for writ of certiorari was untimely, we cannot say that the County Court of Hopkins County abused its discretion in denying it.[7] Accordingly, we affirm the denial of Paselk's application for writ of certiorari. *See Roberts v. Kirk*, 43 S.W.2d 966, 967 (Tex. Civ. App.—Galveston 1931, no writ).


Bailey C. Moseley
Justice


Date Submitted:     January 5, 2015
Date Decided:     January 9, 2015

---

[4]Rule 506.4 of the Texas Rules of Civil Procedure states that an application for writ of certiorari "must be granted only if it contains a sworn statement setting forth facts showing that either: (1) the justice court did not have jurisdiction; or (2) the final determination of the suit worked an injustice to the applicant that was not caused by the applicant's own inexcusable neglect." TEX. R. CIV. P. 506.4(b).

[5]The previous version of Section 506.4(d) was Rule 579 of the Texas Rules of Civil Procedure, which stated that a writ of certiorari "'shall not be granted after ninety days from the time the final judgment is signed.'" *See Westwood Shores*, 395 S.W.3d at 303 (quoting former TEX. R. CIV. P. 579).

[6]Paselk later filed an affidavit in support of her application for writ of certiorari.

[7]We find our disposition on this issue dispositive of Paselk's remaining complaints on appeal.

4