**Opinion issued December 5, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00250-CV

———————————

## A-1 AUTO BODY AND PAINT SHOP, LLC, Appellant

## V.

## MARGARET MCQUIGGAN, Appellee

On Appeal from County Civil Court at Law No. 1
Harris County, Texas
Trial Court Case No. 1022350

## O P I N I O N

Margaret McQuiggan obtained a judgment in small claims court against A-1

Auto Body and Paint Shop, LLC for $8,672.25.  A-1 Auto filed an application for

writ of certiorari in the county civil court at law to challenge the judgment.

McQuiggan moved to dismiss the application, and the county court at law granted the motion. A-1 Auto now appeals to this Court, presenting two issues.

We affirm.

## Background Summary

McQuiggan sued A-1 Auto in small claims court for damages relating to auto body work that A-1 Auto had performed on McQuiggan's car. Following a trial, the small claims court rendered judgment on October 1, 2012, awarding McQuiggan $8,672.25 against A-1 Auto. The judgment also set A-1 Auto's appeal bond at $17,345.00.

A-1 Auto filed a motion for new trial, which was denied by the trial court. On October 12, 2012, the court notified A-1 Auto that it had 10 days—until October 22, 2012—to post a bond and to file an appeal in the county civil court at law.

On October 31, 2012, A-1 Auto filed its "Application for Writ of Certiorari" in the county civil court at law. In the writ application, A-1 Auto denied that it was liable to McQuiggan for damage to her automobile and complained that "no admissible evidence" was presented by McQuiggan at trial to support her allegations.

A-1 Auto stated that no witnesses appeared on its behalf at trial because its "witness was in the process of returning to Houston from a trip to Israel." For that

2

reason, A-1 Auto's attorney had requested a continuance of the trial, which the small claims court had denied. A-1 Auto stated that its attorney had appeared at trial for the purpose of cross-examining McQuiggan's witnesses.

McQuiggan filed a motion to dismiss A-1 Auto's application for writ of certiorari. McQuiggan pointed out that A-1 Auto had not filed a sufficient bond in the small claims court within 10 days of the denial of its motion for new trial. She asserted that the Rules of Civil Procedure required the filing of the bond to perfect A-1 Auto's appeal in the county court.

The county civil court at law granted McQuiggan's motion to dismiss A-1 Auto's application for writ of certiorari. A-1 Auto then filed a "Motion to Reinstate and Reconsider," asserting that the motion to dismiss should have been denied. It claimed that McQuiggan's dismissal argument was incorrectly "directed at the process for appeal from a judgment in Small Claims Court and totally disregards the alternate process for obtaining a trial de novo in the county court by writ of certiorari." In other words, A-1 Auto pointed out that it was not appealing the small claims court judgment; rather, it was seeking to remove the case to county court by writ of certiorari. A-1 Auto asserted that the rules of procedure relied on by McQuiggan did not govern an action seeking a writ of certiorari.

McQuiggan responded to A-1 Auto's motion. She asserted that the county court did not have jurisdiction to consider A-1 Auto's application for writ of

3

certiorari. In so doing, McQuiggan acknowledged that Texas statutes permit a party to seek relief from the judgment of a justice court in two ways: (1) by appealing the judgment or (2) by seeking removal of the action to county court by writ of certiorari. However, McQuiggan asserted that Texas law permits a party to seek relief from a small claims court judgment only by appealing to the county court. She claimed that no statute authorized a party to seek relief in county court from a small claims court judgment by way of writ of certiorari.

The county civil court at law denied A-1 Auto's motion to reconsider and signed another order granting McQuiggan's motion to dismiss A-1 Auto's application for writ of certiorari. A-1 Auto filed a motion for new trial, which was overruled by operation of law. This appeal followed in which A-1 Auto presents two issues.

**Dismissal of Application for Writ of Certiorari**

In its second issue, A-1 Auto challenges the county civil court at law's dismissal of its application for writ of certiorari seeking review of the small claims court judgment. The parties disagree whether—under the statutes in effect at the time of the dismissal—a party could seek relief from a small claims court judgment by writ of certiorari in the county civil court at law. McQuiggan asserts that, at that time, only a party seeking relief from a judgment rendered by a justice court, not a small claims court, was permitted to obtain relief by writ of certiorari in

4

county court. She maintains that judgments rendered by a small claims court could be challenged only by appeal to the county civil court at law and could not be challenged by writ of certiorari. A-1 Auto takes the opposing position.

As framed by the parties, the question to be answered is, at the time of the application's filing, did the county civil court at law have subject-matter jurisdiction to consider A-1 Auto's application for writ of certiorari, seeking relief from the small claims court's judgment. If it did not, then the county civil court at law properly granted McQuiggan's motion to dismiss.

## A. Standard of Review

Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). Our analysis of whether A-1 Auto was permitted to obtain relief from the small claims court judgment by way of writ of certiorari turns on a question of statutory construction. A question of statutory construction is a legal one, which we also review de novo. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003); *see Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009).

When construing statutes, we ascertain and give effect to the legislature's intent. *Entergy*, 282 S.W.3d at 437. We give effect to legislative intent by looking first and foremost at the statutory text, reading the words and phrases in context

5

and construing them according to the rules of grammar and common usage. *See id.*; *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006); *see also* TEX. GOV'T CODE ANN. § 311.011 (Vernon 2013). We discern legislative intent from the plain meaning of the words chosen. *See Entergy*, 282 S.W.3d at 437. This general rule applies unless enforcing the plain language of the statute as written would produce absurd results. *Id.* We recognize that the words the legislature chooses should be the surest guide to legislative intent. *See id.*

## B.    Law & Analysis

The law governing small claims court cases recently underwent statutory evolution. In 2011, the Texas Legislature passed legislation abolishing small claims courts, effective May 1, 2013.[1] The Legislature decided that, after the effective date, justice courts would handle small claims cases.[2] Before that time, and at all times relevant to this case, both the Legislature and the courts treated small claims courts and justice courts as separate and distinct tribunals. *See Sultan v. Matthew*, 178 S.W.3d 747, 752 (Tex. 2005) (recognizing distinction between small claims courts and justice courts in context of determining whether a party

---

[1]    *See* Act of June 29, 2011, 82d Leg., 1st C.S., ch. 3, § 5.06, 2011 TEX. GEN. LAWS 5206, 5225.

[2]    *See* Act of June 29, 2011, 82d Leg., 1st C.S., ch. 3, §§ 5.02, 5.06, 2011 TEX. GEN. LAWS 5206, 5224–25 (current version at TEX. GOV'T CODE ANN. § 27.060 (Vernon Supp. 2013)).

6

could appeal judgment from county court at law following a de novo appeal from a small claims court).[3]

Now repealed Chapter 28 of the Government Code governed small claims courts at the time the small claims court rendered final judgment in this case.[4] Former section 28.001 required, "In each county, there is a court of inferior jurisdiction known as the small claims court."[5] Section 28.002 provided, "Each justice of the peace sits as judge of the small claims court and exercises the jurisdiction provided by this chapter."[6] Each small claims court had jurisdiction concurrent with the justice court for claims that did not exceed $10,000.[7]

---

[3] We note that in 2009, the Legislature amended former Government Code section 28.053, giving courts of appeal jurisdiction—from September 1, 2009 until the effective date of the section's repeal on May 1, 2013—to consider appeals originating in small claims court. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, 1985 TEX. GEN. LAWS 1720, 1814–17, *amended by* Act of June 1, 2009, 81st Leg., R.S., ch. 1351, §§ 9, 14, 15, 2009 Tex. Gen. Laws 4273, 4274, 4282, *repealed by* Act of June 29, 2011, 82d Leg., 1st C.S., ch. 3, §§ 5.06, 5.09, 2011 TEX. GEN. LAWS 5206, 5225.

[4] *See id.*

[5] *See* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, sec. 28.001, 1985 TEX. GEN. LAWS 1720, 1815 (repealed 2011).

[6] *See* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, sec. 28.002, 1985 TEX. GEN. LAWS 1720, 1815 (repealed 2011).

[7] *See* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, sec. 28.003, 1985 TEX. GEN. LAWS 1720, 1815, *amended by*, Act of May 16, 2007, 80th Leg., R.S., ch. 383, § 3, 2007 TEX. GEN. LAWS 685, 686 (repealed 2011).

Chapter 28 also contained provisions prescribing the manner in which small claims court suits would be filed, tried, and resolved.[8] With respect to appeals, former Government Code section 28.052(a) permitted the party to appeal a final small claims court judgment to the county court or to the county court at law.[9] The county courts and county courts at law were required "[to] dispose of small claims appeals with all convenient speed."[10] Trial on appeal of the small claims court's judgment was de novo.[11] Section 28.052(b) specified that an appeal from small claims court would be "in the manner provided by law for appeal from justice court to county court."[12]

Civil Practice and Remedies Code section 51.001, "Appeal From Justice Court to County or District Court," authorizes the appeal of a final judgment "[i]n a case tried in justice court." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.001(a) (Vernon 2008). In addition to the right of appeal specified in section 51.001, Civil

---

[8]  *See* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, 1985 TEX. GEN. LAWS 1720, 1815 (repealed 2011).

[9]  *See* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, sec. 28.052(a), 1985 TEX. GEN. LAWS 1720, 1815–17 (repealed 2011).

[10]  *See* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, sec. 28.053, 1985 TEX. GEN. LAWS 1720, 1816 (repealed 2011).

[11]  *See id.*

[12]  *See* Act of May 17, 1985, 69th Leg., R.S. ch. 480. § 1, sec. 28.052(b), 1985 TEX. GEN. LAWS 1720, 1816 (repealed 2011).

Practice and Remedies Code section 51.002, "Certiorari From Justice Court," provides, "After final judgment in a case tried in justice court in which the judgment or amount in controversy exceeds $250, exclusive of costs, a person may remove the case from the justice court to the county court by writ of certiorari." *See id.* § 51.002(a) (Vernon 2008).

Here, A-1 Auto asserts that, under the statutes in effect at the time, "a final judgment from a small claims court may be appealed directly or by writ of certiorari." In support of this assertion, A-1 Auto cites former Government Code section 28.052(b), which specified that an appeal from small claims court would be "in the manner provided by law *for appeal* from justice court to county court."[13] (Emphasis added.) A-1 Auto appears to take the position that a writ of certiorari is a type of appeal, and, therefore, former Government Code section 28.052(b) permitted A-1 Auto to pursue a writ of certiorari to challenge the small claims court judgment.[14]

---

[13]     *See id.*

[14]     Even if it had intended to seek review of the small claims court's judgment by appeal, instead of by certiorari, A-1 Auto's argument would be unavailing. A-1 Auto did not file an adequate bond in a timely manner to perfect an appeal as required by former Rules of Civil Procedure 571, 572, and 573. *See Texas Rules of Civil Procedure–Rules Effective September 1, 1941: An Historical Project*, Rules 571, 572, 573, http://www.stcl.edu/library/TexasRulesProject/Main Index.htm (accessed Nov. 22, 2013).

Contrary to A-1 Auto's position, it is well-established that "[t]he remedy by certiorari is independent of the one by appeal, and additional thereto." *Westwood Shores Country Club v. Hendrickson*, 395 S.W.3d 298, 303 (Tex. App.—Tyler 2013, no pet.) (citing *Crawford v. Siglar*, 470 S.W.2d 915, 917 (Tex. Civ. App.—Texarkana 1971, writ ref'd n.r.e.)). Appeal from a justice court and certiorari are cumulative remedies. *Id.*

As McQuiggan points out, the very nature of these two remedies reveals that they are separate and distinct avenues to obtain relief from a justice court judgment. The writ of certiorari, as used to correct the proceedings of inferior tribunals, is not a writ of right; rather, it issues only on special cause shown to the court to which application is made. *See Ramsey v. Morris*, 578 S.W.2d 809, 811 (Tex. Civ. App.—Houston [1st Dist.] 1979, writ dism'd). The application is addressed to the discretionary powers of the court. *See Clark v. Hutton*, 28 Tex. 123, 1866 WL 3980, at *3 (1866).

The writ of certiorari was known to the common law before statutes authorizing its use were enacted. *Ramsey*, 578 S.W.2d at 811. Under the common law, a court is vested with judicial discretion to grant or to refuse a request to issue a writ of certiorari as justice may require. *See id.* Only when the error is manifest and substantial injury has been sustained should the writ be allowed. *Id.* The court will not award a writ when the errors complained of are merely informal and

10

technical, or when, although there is error in fact, substantial justice has been done and no appreciable injury has resulted to the complaining party. *Id.*

The Rules of Civil Procedure—in effect at the time of the rendition of the small claims judgment in this case—provided that a writ of certiorari would not be granted unless the application was supported by an affidavit of sufficient cause to support issuance of the writ. *See* TEX. R. CIV. P. 577, 578 (repealed 2013).[15] To constitute a sufficient cause, the facts stated had to show either that the justice of the peace lacked jurisdiction over the suit, or that injustice was done to the applicant by the final determination of the suit or proceeding, and that such injustice was not caused by his own inexcusable neglect. *See* TEX. R. CIV. P. 578 (repealed 2013).[16] Only when the applicant had shown its entitlement to writ of

---

[15] *See Texas Rules of Civil Procedure–Rules Effective September 1, 1941: An Historical Project*, Rules 577, 578, http://www.stcl.edu/library/TexasRules Project/MainIndex.htm (accessed Nov. 22, 2013). The 2011 legislation abolishing small claims court, and providing that justice courts would handle small claims cases, also required the Supreme Court of Texas to promulgate rules of procedure in accordance with those changes. *See* The Supreme Court of Texas, *Final Approval of Rules for Justice Court Cases*, Misc. Docket No. 13–9049 (Apr. 15, 2013; eff. Aug. 31, 2013). In conjunction with promulgating the new rules, the supreme court repealed the rules of procedure that had governed practice in justice courts before the effective date of the legislation. *See id.*; *see also* TEX. R. CIV. P. 500–591 (repealed 2013).

[16] *See Texas Rules of Civil Procedure–Rules Effective September 1, 1941: An Historical Project*, Rule 578, http://www.stcl.edu/library/TexasRules Project/Main Index.htm (accessed Nov. 22, 2013).

certiorari would the case be removed to county court for a trial de novo. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.002; TEX. R. CIV. P. 591 (repealed 2013). [17]

In contrast, a party's entitlement to an appeal from justice court is a matter of right, provided that the appealing party adheres to the appropriate jurisdictional and procedural requirements. To prosecute its appeal, a party was required—under the law in effect at time the small claims court rendered judgment—to "perfect" its appeal from the justice court by filing a bond within ten days of the signing of the judgment or by filing an affidavit of inability within five days of the signing of the judgment. *See* TEX. R. CIV. P. 571, 572, 573 (repealed 2013).[18] After an appeal was perfected, a county court at law had no discretion to deny an appeal from the justice court; rather, after the appeal was procedurally perfected, the county court was required to conduct a trial de novo. *See* TEX. R. CIV. P. 574b (repealed 2013).[19]

As the Supreme Court of Texas stated in construing another statutory scheme, "Texas courts have made the distinction between appeal and certiorari too often and too long for us to regard them as synonymous." *Cluck v. Hester*, 521 S.W.2d 845, 848 (Tex. 1975). We presume that the Legislature enacts statutes

---

[17] *See id.* at Rule 591.

[18] *See id.* at Rules 571, 572, 573.

[19] *See id.* at Rules 574b.

12

with knowledge of the common law and court decisions. *In re Hardwick*, No. 01–12–00362–CV, 2012 WL 3132670, at \*5 (Tex. App.—Houston [1st Dist.] Aug. 2, 2012, orig. proceeding) (citing *Phillips v. Beaber*, 995 S.W.2d 655, 658 (Tex. 1999)). Thus, we presume that the legislature was familiar with the distinction long made by Texas courts between appeal and certiorari when it enacted former section 28.052(b).

Given the divergent nature of the remedies and the different procedural requirements for each, we conclude that the remedy of writ of certiorari is not an "appeal" as contemplated in former Government Code section 28.052(b).[20] Therefore, the county civil court at law had no subject-matter jurisdiction to consider A-1 Auto's challenge to the small claims court's judgment by way of an application for writ of certiorari. We hold that the county court at law properly granted McQuiggan's motion to dismiss A-1 Auto's certiorari application.

---

[20] A-1 Auto cites *Galil Moving & Storage, Inc. v. McGregor* for its statement that "final judgment from the small claims court may be appealed, directly or by writ of certiorari, to the county court or county court at law for trial de novo." 928 S.W.2d 172, 173 (Tex. App.—San Antonio 1996, no writ). The statement was made by the court in the context of determining whether a party could seek a writ of error directly from the court of appeals rather than from the county court. *See id.* A-1 Auto also cites *Centro Jurici de Instituto Tecnologico y Estudios Superiores de Monterrey v. Intertravel, Inc.* in which the court reversed the county court's dismissal of an application for writ of certiorari. 2 S.W.3d 446, 451 (Tex. App.—San Antonio 1999, no pet.). However, as in *Galil Moving*, absent from the court's opinion was an analysis of whether the Legislature intended a county court at law to have jurisdiction to order the issuance of a writ of certiorari to a small claims court. In any event, we conclude that the best indicators of whether the county court at law had jurisdiction to consider A-1 Auto's certiorari application are the applicable statutes and rules of procedure, as discussed above.

We overrule A-1 Auto's second issue.

## Personal Jurisdiction

In its first issue, A-1 Auto challenges the county court at law's judgment dismissing its certiorari application by claiming, "The judgment of the small claims court is void for lack of jurisdiction." A-1 Auto asserts that the small claims court lacked personal jurisdiction over it because A-1 Auto's corporate witness was not able to be present at trial.[21] However, this assertion pertains to the merits of A-1 Auto's certiorari application, which the county court at law had no jurisdiction to consider. Thus, we also cannot consider this issue. *See Pearson v. State*, 315 S.W.2d 935, 938 (Tex. 1958) (holding that appellate court's jurisdiction over merits of a case extends no further than that of court from which the appeal is taken). Moreover, we cannot hold that the county court at law erred by failing to rule on an issue over which it had no jurisdiction. A-1 Auto will have to look to other legal remedies to obtain the relief it seeks regarding its allegation that the small claims judgment is void for lack of personal jurisdiction. *See Davis v. Covert*, 983 S.W.2d 301, 303 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd w.o.j.).

---

[21] We note that A-1 Auto has stated that its attorney appeared at trial and cross-examined McQuiggan's witnesses.

We overrule A-1 Auto's second issue.

## Conclusion

We affirm the judgment of the county civil court at law dismissing A-1 Auto's application for writ of certiorari.

Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Massengale.

15