**Opinion issued June 25, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00714-CV

———————————

## DONALD LAIRD, Appellant

## V.

## MONICA BENTON, Appellee

---

**On Appeal from County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1007020**

---

## O P I N I O N

Donald Laird challenges the county civil court at law's order dismissing his appeal to that court of a small claims court judgment rendered against him in favor of Monica Benton. On appeal to this Court, the dispositive issue raised by Laird is whether the county civil court at law ("county court") erred when it dismissed

Laird's appeal for lack of jurisdiction. Because we hold that it did, we reverse the county court's judgment and remand for further proceedings.

**Background**

In February 2011, Monica Benton filed suit in small claims court against Donald Laird. Benton alleged that her dog, while being walked in the park, was attacked by Laird's dog. Benton claimed that Laird's dog bit off part of her dog's ear. Benton sued Laird to recover veterinary costs for treating her dog and for the cost of cleaning her dog's blood from the car used to transport the dog for treatment. Following a bench trial, the small claims court rendered judgment in favor of Benton, awarding her $987.31 against Laird and "costs of court."

To appeal the small claims court judgment, Laird filed a "civil appeal bond" in the county court on December 8, 2011. The bond was in the amount of $2,079, which Laird deposited, in cash, with the court.

By a letter dated January 3, 2013, Benton notified Laird that he had not properly perfected Laird's appeal because his bond did not list two sureties and because the bond amount was insufficient. Laird responded to the letter, intimating that his cash bond did not require sureties and indicating that the bond amount was sufficient because it was "twice the amount awarded" to Benton in the judgment.

On February 17, 2013, Benton filed a motion to dismiss Laird's appeal, asserting that Laird's appeal bond did not comply with the applicable rules of civil procedure governing appeals from small claims court. Specifically, Benton claimed that Laird's appeal bond was deficient because it did not list two sureties, as required by the governing rule of civil procedure. Benton also asserted that Laird had failed to post a bond in twice the amount of the judgment. Benton pointed out that the judgment awarded her damages of $987.31 and court costs of $104.00, totaling $1,091.31. Twice this sum was $2,182.62. Thus, according to Benton, Laird's $2,079.00 cash bond was deficient. On February 27, 2012, Laird deposited an additional $104.00 in the registry of the county court to cover the court costs awarded to Benton in the judgment.

The county court denied Benton's motion to dismiss the appeal on March 6, 2012. Over the next two years, the case was set and reset on the county court's jury docket. The county court ordered the parties to mediation in March 2014. Mediation, however, was unsuccessful. Benton filed a motion requesting the county court to reconsider her motion to dismiss the appeal. Benton re-urged her arguments that the county court lacked jurisdiction over the appeal because Laird had failed to properly perfect his appeal pursuant to the applicable rules of civil procedure.

The county court reconsidered Benton's motion to dismiss. On July 24, 2014, the court granted the motion, dismissing Laird's county court appeal for lack of jurisdiction. Laird now appeals to this Court.

**Appellate Jurisdiction of County Court**

**A. Standard of Review**

Subject matter jurisdiction is a legal question, which we review de novo. *Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). Accordingly, we review a county court's dismissal of an appeal to that court under a de novo standard of review. *See Reel v. Ruiz*, No. 01–12–00046–CV, 2013 WL 4508057, at *1 (Tex. App.—Houston [1st Dist.] Aug. 22, 2013, no pet.) (mem. op.).

**B. Analysis**

This case originated in small claims court. At that time, appeals from small claims court were pursued "in the manner provided by law for appeal from justice court to county court."[1] Act of May 17, 1985, 69th Leg., R.S. ch. 480, § 1, sec. 28.052(b), 1985 TEX. GEN. LAWS 1720, 1816, *repealed by* Act of June 29, 2011,

---

[1]     In 2011, the Texas Legislature passed legislation abolishing small claims courts, effective May 1, 2013. *See* Act of June 29, 2011, 82nd Leg., 1st C.S., ch. 3, § 5.06, 2011 TEX. GEN. LAWS 5206, 5225. The Legislature decided that, after the effective date, justice courts would handle small claims cases. *See* Act of June 29, 2011, 82d Leg., 1st C.S., ch. 3, §§ 5.02, 5.06, 2011 TEX. GEN. LAWS 5206, 5224–25 (current version at TEX. GOV'T CODE ANN. § 27.060 (Vernon Supp. 201)).

82nd Leg., 1st C.S., ch. 3, § 5.06, 2011 TEX. GEN. LAWS 5206, 5225. On April 15, 2013, the Supreme Court of Texas adopted new rules of civil procedure for justice court cases, and it repealed the then-existing rules. *See* 76 Tex. B.J. 439, 440 (Tex. 2013). Benton points out that, when the small claims court rendered judgment in this case, the new rules were not yet in effect and the now-repealed rules still applied. *See id.* Indeed, the record shows that the small claims court signed its judgment on November 29, 2011, and Laird filed his appeal bond on December 11, 2011. The new rules did not become effective until August 31, 2013. *Id.*

For this reason, Benton asserts that we determine whether Laird properly perfected his appeal to the county court by applying the now-repealed rules of civil procedure. Specifically, she relies on former Rule of Civil Procedure 571, which provided, in part, as follows:

> The party appealing, his agent or attorney, shall within ten days from the date a judgment or order overruling motion for new trial is signed, file with the justice a bond, with two or more good and sufficient sureties, to be approved by the justice, in double the amount of the judgment . . . .

TEX. R. CIV. P. 571, 53 Tex. B.J. 589, 605 (Tex. 1990, repealed 2013); *see also* TEX. R. CIV. P. 573, 3 Tex. B.J. 519, 612 (Tex. 1940, repealed 2013) (providing appeal is perfected when bond is filed and Rule 571 requirements are satisfied). Benton claims, as she did in the county court, that Laird failed to satisfy the requirements of now-repealed Rule 571. She avers that Laird's bond was not

5

"double the amount of the judgment."  Although it was double the amount of the damages, the bond was not double the amount of the damages plus court costs awarded in the judgment.  Benton claims that the "amount of the judgment," referenced in former Rule 571, included not only the damages awarded, but also included the court costs.  Benton also asserts that Laird failed to comply with Rule 571 because his cash bond had not listed "two or more good and sufficient sureties."  *See* TEX. R. CIV. P. 571 (repealed 2013).

We disagree that repealed Rule 571 determines whether Laird properly perfected his appeal to county court.  Laird's appeal remained pending when the new justice court rules became effective on August 31, 2013.  The county court did not dismiss Laird's appeal until July 24, 2014.

In its order adopting the new justice court rules, the Supreme Court of Texas ordered that the new rules "govern cases . . . pending on August 31, 2013, except to the extent that in the opinion of the court their application in a case pending on August 31, 2013, would not be feasible or would work injustice, in which event the formerly applicable procedure applies."  76 Tex. B.J. at 440.  Here, the issue of whether applying the new rules would not be feasible or would work an injustice does not appear to have been determined by the county court.  Thus, the county court should have applied the new justice court rules when it reconsidered Benton's motion to dismiss Laird's appeal.  *See Floyd v. Seward*, 520 S.W.2d 873,

6

875 (Tex. App.—El Paso 1975, no writ) (holding that, without first determining that application of new statute was not feasible or would work an injustice, the trial court was required to give effect to the new provision); *Heid Bros. v. Smiley*, 166 S.W.2d 181, 182 (Tex. Civ. App.—Texarkana 1942, writ ref'd w.o.m.) ("[T]here must be a ruling of the trial court on the feasibility and justness of the application of the [new] rule before the complaining party can raise the question on appeal."). We conclude that, because the appeal was pending in the county court when the new justice court rules became effective, the new rules govern whether Laird properly perfected his appeal to the county court.[2] *See Mohammed v. D. 1050 W. Rankin, Inc.*, No. 01–13–00977–CV, 2014 WL 7335192, at *3 (Tex. App.— Houston [1st Dist.] Dec. 23, 2014, no pet.) (applying newly-adopted rules because, although justice court judgment had been signed before effective date of new rules, appeal to county court from justice court was still pending in county court on effective date of new rules of procedure).

---

[2] Benton cites *A-1 Auto Body & Paint Shop, LLC v. McQuiggan*, 418 S.W.3d 403, 406 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) for the proposition that the repealed justice court rules apply. There, we applied the repealed justice court rules, mentioning that the former rules were in effect when the small claims court rendered judgment. *Id.* at 408. However, *A-1 Auto Body* is inapposite to the instant case. There, in contrast to this case, the new justice court rules were not in effect while the case was pending in county court. *See id.* at 404–05. Rather, the repealed rules remained in effect the entire time the case was pending in the county court. *Id.* at 406. Thus, the repealed justice court rules applied in that case.

Newly-adopted Rule of Civil Procedure 506.1 governs appeals from justice court to county court. That rule provides, in part, as follows:

> (a) How Taken; Time. A party may appeal a judgment by filing a bond, making a cash deposit, or filing a sworn statement of inability to pay with the justice court within 21 days after the judgment is signed or the motion to reinstate, motion to set aside, or motion for new trial, if any, is denied.

> (b) Amount of Bond; Sureties; Terms. A plaintiff must file a $500 bond. A defendant must file a bond in an amount equal to twice the amount of the judgment. The bond must be supported by a surety or sureties approved by the judge. The bond must be payable to the appellee and must be conditioned on the appellant's prosecution of its appeal to effect and payment of any judgment and all costs rendered against it on appeal.

> (c) Cash Deposit in Lieu of Bond. In lieu of filing a bond, an appellant may deposit with the clerk of the court cash in the amount required of the bond. The deposit must be payable to the appellee and must be conditioned on the appellant's prosecution of its appeal to effect and payment of any judgment and all costs rendered against it on appeal.

TEX. R. CIV. P. 506.1.

Here, Laird complied with Rule 506.1(c) by filing a cash deposit in lieu of a bond in the amount required of the bond. As with repealed Rule 571, new Rule 506.1 requires the bond amount to be "an amount equal to twice the amount of the judgment." *Id.* Here, the judgment awarded Benton $987.31 in damages. Twice that amount is $1,974.62. To appeal the judgment, Laird posted $2,079.00 in cash with the court. Nonetheless, Benton asserts that Laird's cash deposit was not equal

8

to twice the "amount of the judgment" because it did not include twice the amount of the $104.00 in court costs she was also awarded in the judgment.

To support her position, Benton cites *Ashley Furniture Indus., Inc. v. Law Office of David Pierce*, 311 S.W.3d 595 (Tex. App.—El Paso 2010, no pet.). There, the court, in its factual summary of the case, calculated the amount of the judgment, for purposes of posting an appeal bond, to include damages, attorneys' fees, and court costs awarded in the judgment. *Id.* at 596–97. Because the appellant had not posted that amount, the court of appeals affirmed the county court's dismissal of the appeal. *Id.* at 598. However, in *Ashley*, whether court costs should be included in the calculation of the bond amount was not determinative of that case, was not an issue of contention, and was not the subject of analysis in the opinion.

In contrast, the Supreme Court of Texas squarely addressed the issue long ago in *Colorado Cnty. v. Delaney*, 54 Tex. 280, 280–81 (1881). There, interpreting a predecessor statute to Rule 506.1, the court determined whether "the appeal bond from the judgment of a justice of the peace should have been in double the amount of the judgment for the debt only, or for both the debt and cost." *Id.* at 280. Determining what "double the amount of the judgment" meant, the court held "the amount of the appeal bond in such cases, where judgment is rendered for the plaintiff, was not intended to be double both the amount of the

9

judgment recovered for the debt and also for the cost, but of the former only." *Id.* at 280–81.

Accordingly, we conclude that Laird's cash deposit of 2,079.00, which was more than double the amount of damages awarded to Benton in the judgment, was sufficient under Rule 506.1. *See id.* In addition, because he deposited cash in lieu of a bond, Laird was not required, under Rule 506.1, to identify any sureties.[3] *See* TEX. R. CIV. P. 506.1.

We conclude that Laird properly perfected his appeal pursuant to Rule 506.1(c), which applied to Laird's pending case in the county court. *See id.* We hold that the county court erred when it dismissed Laird's appeal.

We sustain Laird's issue in which he asserts that he properly perfected his appeal to the county court.

---

[3]  We note that the record reflects that Laird's cash deposit was payable to Benton and was conditioned on the prosecution of his appeal "to effect and payment of any judgment and all costs rendered against it on appeal," as required by Rule 506.1(c). *See* TEX. R. CIV. P. 506.1(c).

## Conclusion

We reverse the trial court's judgment and remand the case for further proceedings.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Huddle.