

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00308-CV

CHARISE CAUDLE                                                        APPELLANT

V.

OAK FOREST APARTMENTS                                                  APPELLEE

----------

## FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY
## TRIAL COURT NO. 2013-005811-3

----------

## MEMORANDUM OPINION[1]

----------

Charise Caudle, pro se, appeals from the no-evidence summary judgment granted in favor of Oak Forest Apartments on her claims under the federal Fair Credit Reporting Act[2] (FCRA) and the federal Fair Housing Act.[3]

---

[1]*See* Tex. R. App. P. 47.4.

[2]15 U.S.C.A. §§ 1681–1681x (West 2009 & Supp. 2015).

[3]42 U.S.C.A. §§ 3601–3631 (West 2012).

In three issues, Caudle argues that the county court erred by issuing a writ of certiorari, by granting no-evidence summary judgment for Oak Forest when she did not receive a copy of the motion before the hearing, and by granting the no-evidence summary judgment when there was no judgment of eviction against her. Because we hold that the grant of summary judgment was not erroneous and that Caudle has not shown that the issuance of the writ was an abuse of discretion, we affirm the trial court's judgment.

Caudle was once a tenant at Oak Forest. Oak Forest filed eviction proceedings against her for nonpayment of rent. Oak Forest prevailed in the justice court, and Caudle appealed to the county court. Caudle moved out of Oak Forest before the county court rendered a judgment; trial in the county court was held on October 27, 2010, Caudle moved out on October 1, 2010, but the record does not show when the eviction suit was originally filed in the justice court. The county court signed a judgment for Oak Forest finding that Caudle had breached the lease agreement and that Oak Forest was entitled to possession, and awarding it $1,794.22 in actual damages plus attorney's fees and court costs. The court crossed out language in the judgment ordering Caudle to vacate.

In 2013, Caudle filed this case in small claims court asserting that Oak Forest broke "FCA and FHA law and [caused] me to have money damages and pain and suffering." Although the record is not clear on the exact legal or factual basis of her claims, Caudle based her suit at least in part on Oak Forest's

2

reporting of the prior judgment from the eviction proceedings to credit reporting agencies. She contends that she was not evicted, and, therefore, the information Oak Forest reported to the agencies was false.

On August 12, 2013, the justice of the peace signed a default judgment against Oak Forest awarding Caudle $5,000 in damages. Oak Forest subsequently filed an application for writ of certiorari in the county court at law for Tarrant County.[4] On November 14, 2013, the county court ordered the writ to be issued on the ground that a final judgment was rendered against Oak Forest without notice.

After the matter was set for trial,[5] Oak Forest filed a no-evidence motion for summary judgment to which Caudle filed no response. The trial court granted summary judgment for Oak Forest. Caudle appeals from that judgment.

Caudle argues in her first issue that the trial court erred by issuing the writ of certiorari because Oak Forest received notice of the certificate of process of her suit and failed to appear.

In a ruling on an application for writ of certiorari, the question for the county court is whether "the final determination of the suit worked an injustice to the applicant that was not caused by the applicant's own inexcusable neglect."[6] Oak

---

[4]*See* Tex. R. Civ. P. 506.4 (setting out procedure for applying to a county court for a writ of certiorari after a final judgment in a justice court).

[5]*See id.* (stating that if an application for writ of certiorari is granted, the county court may try the case de novo).

[6]*See id.*

Forest explained in its application and by an affidavit of its property manager that it never received any communications from the court or from Caudle regarding the trial date or any other matter requiring Oak Forest to appear in court, and that was the basis for its application.

Caudle does not argue or point out to us any evidence in the record that Oak Forest received notice of *the trial date*. There is no evidence of mailing or other service of the notice of the trial. The record does not show that the notice was mailed by certified or registered mail or whether service was by some other method.[7] Caudle does not explain how the county court's decision that the default judgment was not caused by Oak Forest's inexcusable neglect was reversible error, nor does she cite any applicable authority.[8] With no evidence of service in the record, and with no argument or authorities from Caudle about why Oak Forest did not meet the requirements for issuance of the writ despite the lack of service, we cannot say that the county court's issuance of the writ was reversible error.

Caudle further argues under this issue that Oak Forest did not appeal the judgment of the justice court within the proper time frame, and therefore the county court did not properly grant the application for writ of certiorari. But a writ of certiorari is a separate, independent way to obtain relief from the judgment of a

---

[7]*See* Tex. R. Civ. P. 536 (repealed 2013) (setting out methods of service in the justice court); Tex. R. Civ. P. 501.4 (current version).

[8]*See* Tex. R. App. P. 38.1(i).

justice court,[9] and Oak Forest could file an application for writ of certiorari even if it did not file an appeal. The rules for appeals do not apply to writs of certiorari.[10]

Caudle also argues that a trial court must grant a no-evidence summary judgment if the nonmovant does not produce evidence raising a genuine issue of material fact, and Oak Forest did not appear or produce evidence at the default judgment hearing in the justice court. Caudle appears to be confusing the default judgment hearing in the justice court and the summary judgment hearing in the county court. Caudle did not file a no-evidence motion for summary judgment in the justice court, and therefore the rules that apply to such motions did not apply to the justice court proceedings. In the county court proceedings, however, Caudle had the burden to produce evidence to defeat the no-evidence summary judgment motion.[11] We overrule Caudle's first issue.

In her second issue, Caudle argues that the summary judgment should be reversed because she spoke to Oak Forest's attorney on August 4, 2014, and informed him that she had a new address, but he nevertheless mailed the no-evidence motion to her old address, and she did not receive it.

---

[9]*See A-1 Auto Body & Paint Shop, LLC v. McQuiggan*, 418 S.W.3d 403, 407–08 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).

[10]*See* Tex. R. Civ. P. 506.1 (setting out the rules for appealing justice court judgments), 506.4 (setting out the procedure for obtaining a writ of certiorari).

[11] *See* Tex. R. Civ. P. 166a(i) (providing for no-evidence summary judgments).

5

Oak Forest mailed a copy of the motion in accordance with civil procedure rule 21a, thus creating a presumption of service.[12] The motion was sent to Caudle's old address. She argues that she notified Oak Forest's attorney of her new address before he mailed the motion and that the record backs this up. Caudle refers us to a letter attached to Oak Forrest's response to her motion for new trial.[13] In that letter of August 5, 2014, Oak Forest's attorney wrote to Caudle, "This letter will confirm our conversation of August 4, 2014 regarding a hearing on [Oak Forest's] Objection to Mediation."

This letter does not help her because it indicates only that Caudle and Oak Forest's attorney spoke on August 4 about a hearing about mediation. It says nothing about her change of address. The address listed on the letter as Caudle's was her old address, the same address identified as Caudle's in Oak Forest's certificate of service for its no-evidence motion for summary judgment. And Caudle acknowledged at the hearing on her new trial motion that she did not tell the court of her new address; she changed it with the mediator but did not inform the court, believing that informing the mediator would be sufficient. Nothing in the record indicates that Oak Forest's mailing of the motion to Caudle's former address was the fault of anyone but Caudle.

---

[12] *See Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987).

[13] Caudle does not argue in this appeal that the trial court erred by denying her motion.

Oak Forest asserts that we should hold that Caudle had constructive service because Caudle has engaged in selective acceptance and refusal of mail. The certified mail was sent to Caudle's old address and was returned unclaimed. But nothing in the record supports a conclusion that Caudle dodged receipt of the certified mail or refused delivery of it, and constructive notice cannot be imputed to her.[14]

Caudle argues in this issue that under civil procedure rule 107, citation of service must be signed for. Rule 107 applies to the return of service by an officer or other authorized person executing a citation.[15] That rule does not apply to service of summary judgment motions.[16]

Caudle also cites rule 9.5 of the rules of appellate procedure,[17] but that rule applies to proceedings in the courts of appeals and does not apply to the county court proceedings below. Caudle cites *Owens v. Housing Authority of*

---

[14]*See Approximately $14,980.00 v. State*, 261 S.W.3d 182, 189–90 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding that the facts of the case did not support constructive service).

[15]Tex. R. Civ. P. 107.

[16]*See Gaytan v. Terry*, No. 01-09-00818-CV, 2010 WL 2723174, at *2 (Tex. App.—Houston [1st Dist.] July 8, 2010, no pet.) (mem. op.).

[17]*See* Tex. R. App. P. 9.5 (requiring service of documents at or before the time of the documents' filing in the appellate court). Caudle's citation is to nonexistent civil procedure rule 9.5, but from her discussion, it is clear she means rule of appellate procedure 9.5.

7

*City of San Augustine*,[18] but that opinion also addresses service of documents on appeal.

Nowhere in Caudle's brief does she cite to or discuss civil procedure rules 21a or 166a(a), the rules applicable to the service of the summary judgment motion and of notice of the hearing on the motion.[19] Further, although the right to proper service of trial settings and of motions is a due process right,[20] that right may be waived.[21] In the summary judgment context, failure to be timely and properly served with the motion and notice of the hearing may be waived if the

---

[18]No. 12-12-00034-CV, 2012 WL 690295, at *1 (Tex. App.—Tyler Feb. 29, 2012) (mem. op.), *on reh'g*, 12-12-00034-CV, 2013 WL 2286079 (Tex. App.—Tyler May 22, 2013, no pet.) (mem. op.).

[19] *See* Tex. R. App. P. 38.1(i) (providing that a brief must contain appropriate citations to authorities); *Hall v. Stephenson*, 919 S.W.2d 454, 467 (Tex. App.—Fort Worth 1996, writ denied); s*ee also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing "long-standing rule" that point may be waived due to inadequate briefing).

[20]*Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 108 S. Ct. 896, 899 (1988).

[21]*Rockwell v. Wells Fargo Bank, N.A.*, No. 02-12-00100-CV, 2012 WL 4936619, at *1 (Tex. App.—Fort Worth Oct. 18, 2012, no pet.) (mem. op.); *Dunn v. Bank-Tec S.*, 134 S.W.3d 315, 321 (Tex. App.—Amarillo 2003, no pet.) (noting that the Dunns did not preserve their due process complaint based on inadequate notice of a no-evidence summary judgment motion because they did not raise the complaint with the trial court prior to or at the summary judgment hearing); *see also Dhingra v. Charterwood Cmty. Improvement Ass'n*, No. 01-02-00330-CV, 2003 WL 21512674, at *2 (Tex. App.—Houston [1st Dist.] July 3, 2003, no pet.) (mem. op.) (holding that parties failed to preserve complaint of lack of service of summary judgment motion).

8

nonmovant learns of the hearing in time to request a continuance or ask the court for permission to file a late response but fails to do so.[22]

In this case, Caudle was timely served with notice of the hearing,[23] but she was never served with the motion. We have been unable to find a case in which a nonmovant plaintiff did not receive service of a no-evidence summary judgment motion but did timely receive notice of the hearing, and neither Caudle nor Oak Forest cited such a case. However, under the specific facts before us, we find the case law on untimely service, rather than no service, to be applicable.

The reason for requiring twenty-one days' notice of a summary judgment motion and hearing "is to provide the nonmoving party 'a full opportunity to respond on the merits.'"[24] "A nonmovant who complains of less than 21 days' notice of a summary judgment hearing but admits to knowing of the hearing date before it occurs waives its defense of insufficient notice if [s]he fails to bring the

---

[22] *See Rockwell*, 2012 WL 4936619, at *1; *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 688 (Tex. 2002) (pointing out that procedural rules allow a nonmovant to seek a continuance of a summary judgment hearing in order to file a response to the motion or to obtain permission to file a late response).

[23] *See* Tex. R. Civ. P. 166a (requiring motions for summary judgment and notice of hearing to be on file with the court and served twenty-one days before the hearing on the motion); *Lewis v. Blake*, 876 S.W.2d 314, 315 (Tex. 1994) (describing how to calculate the required time for service of a summary judgment motion hearing when served by mail).

[24] *Viesca v. Andrews*, No. 01-13-00659-CV, 2014 WL 4260355, at *5 (Tex. App.—Houston [1st Dist.] Aug. 28, 2014, no pet.) (mem. op.) (quoting *Stephens v. Turtle Creek Apts., Ltd.*, 875 S.W.2d 25, 26 (Tex. App.—Houston [14th Dist.] 1994, no writ); *see also Magnuson v. Mullen*, 65 S.W.3d 815, 824 (Tex. App.—Forth Worth 2002, pet. denied).

defect to the trial court's attention at or before" the hearing date.[25] A nonmovant who receives no notice can raise that issue in a motion for new trial.[26] The difference in the treatment of cases of late notice and of cases of no notice "hinges on knowledge of a procedural error and the ability to bring it to the trial court's attention for correction before judgment."[27] When a nonmovant has no notice, she does not have the opportunity to complain of the lack of notice until after judgment, whereas when she has *some* notice, though inadequate under the rules, she "has the ability to bring the matter to the trial court's attention before judgment" is rendered.[28]

As in cases of untimely service, because Caudle knew of the hearing (and appeared at it), she had the opportunity to let the court know prior to or at the hearing that she had not received the summary judgment motion to obtain an opportunity to respond to the motion. Additionally, it was Caudle's own failure to update the court with her correct address that caused her not to receive the certified mail containing the motion in the first place.

She knew that there would be a hearing on a motion that she had not seen or been served with. She claimed in her motion for new trial that she called the court to ask about the hearing, yet the record does not show that she asked

---

[25] *Viesca*, 2014 WL 4260355, at *6.

[26] *Id.*

[27] *Id.*

[28] *Id.*

10

either the clerk of the court or Oak Forest's attorney for a copy of the motion. The record does not show that she objected to the lack of service, filed a written motion for continuance or otherwise complained in writing to the lack of an opportunity to respond prior to the granting of the summary judgment, either before or during the hearing.[29] In other words, despite knowing that there was an upcoming hearing on a motion she had not seen and had not responded to, Caudle did nothing to apply to the trial court for relief.[30] We overrule Caudle's second issue.

In her third issue, Caudle argues that the previous judgment against her was not for $5,549 or $785 and she was not evicted as was reported on her credit report. She argues that the walk-through form from when she moved out of her apartment at Oak Forest shows that Oak Forest found no damage to the apartment at the time she moved out and that Oak Forest's report to credit agencies violated the FCRA.[31]

Caudle's argument addresses the merits of her claim. She appears to be attempting to raise a fact issue in order to demonstrate why summary judgment

[29]*Nguyen v. Short, How, Frels & Heitz, P.C.*, 108 S.W.3d 558, 560 (Tex. App.—Dallas 2003, pet. denied) ("If a party receives notice that is untimely, but sufficient to enable the party to attend the summary judgment hearing, the party must file a motion for continuance or raise the complaint of late notice in writing, supported by affidavit evidence.").

[30]*See Carpenter*, 98 S.W.3d 682, 686 (Tex. 2002) (discussing the factors that apply "when a nonmovant is aware of its mistake at or before the summary-judgment hearing and thus has an opportunity to apply for relief").

[31]15 U.S.C.A. § 1681.

11

was not proper. But because she did not raise this argument in response to the motion for summary judgment, we may not consider it now.[32]

Further, we are unclear about the factual or the legal basis of Caudle's arguments under this issue. The record shows that Oak Forest once filed an eviction proceeding against her for nonpayment of rent, and in the same suit, it also sued to recover that unpaid rent.[33] On appeal, the county court found that Caudle breached the lease, that Oak Forest was entitled to possession of the property, and that Oak Forest had suffered actual damages.

Caudle argues in her brief that when she moved out, she had not caused damage to the apartment. The term "damages" in an eviction proceeding judgment does not mean physical damage to the rented property. It means "[m]oney claimed by, or ordered to be paid to, a person as compensation for loss or injury,"[34] and in eviction cases, the damages are usually unpaid rent.[35]

The judgment against Caudle in the eviction case awarded Oak Forest damages of $1,794.22, plus attorney's fees of $1,050 and postjudgment interest, and it found that Oak Forest had the right to possession of the premises. Even if we could have considered arguments on the merits of her claim, Caudle does not explain how Oak Forest's reporting of this judgment against her to credit

---

[32] *See Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008).

[33] *See* Tex. R. Civ. P. 500.3 (allowing a claim for unpaid rent to be joined with an eviction proceeding).

[34] *Damages*, Black's Law Dictionary (10th ed. 2014).

[35] *See, e.g.*, Tex. R. Civ. P. 510.3(a)(4).

reporting agencies was a violation of the FCRA.[36]  Further, as Oak Forest pointed out in its summary judgment motion, Caudle did not allege in facts in her petition or produce evidence about how Oak Forest either negligently or willfully failed to comply with the FCRA.[37]

Caudle further argues that the trial court's no-evidence summary judgment was erroneous because Oak Forest had no evidence proving that the report to the credit agencies was accurate.  Caudle is mistaken about what Oak Forest had to prove in the county court.  Because Oak Forest filed a no-evidence summary judgment motion, *Caudle* had the burden to produce evidence on her claims, and therefore *Caudle* needed to produce evidence that the reports were inaccurate.[38]  If Caudle did not produce evidence on that point in a written response to the summary judgment motion, Oak Forest was entitled to no-evidence summary judgment.[39]  We overrule Caudle's third issue.

Having overruled Caudle's three issues, we affirm the trial court's summary judgment.

---

[36] *See* Tex. R. App. P. 38.1(i).

[37] *See* 15 U.S.C.A. §§ 1681n, 1681o (providing for civil liability for willful or negligent noncompliance with the chapter).

[38] *See* Tex. R. Civ. P. 166a(i).

[39] *See id.*

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and SUDDERTH, JJ.

DELIVERED:  December 17, 2015