**Reverse and Remand; Opinion Filed September 20, 2016.**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00912-CV

### SALEEM ABDUL, Appellant
### V.
### PETER B. BAGG, Appellee

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-15-03402-B**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Myers

Saleem Abdul appeals the trial court's order dismissing for want of jurisdiction his appeal of the justice court's judgment against him and in favor of Peter B. Bagg. Abdul brings one issue on appeal contending the trial court erred by dismissing his appeal. We reverse the trial court's judgment and remand the cause to the trial court for further proceedings.

## BACKGROUND

Bagg sued Abdul in justice court, which awarded Bagg judgment of $4,450 against Abdul on May 20, 2015. Abdul filed a sworn statement of inability to pay, which was contested.[1] *See* TEX. R. CIV. P. 506.1(a), (d).[2] On June 26, 2015, the justice court held a hearing

---

[1] This statement of inability to pay is not in the record, and the evidence does not show whether the statement was timely filed. Neither the justice court nor any party asserted this statement of inability to pay was untimely. For purposes of this appeal, we assume this statement of inability to pay was timely.

on Abdul's statement of inability to pay and "denied" it. Instead of filing in the justice court a notice of appeal from the sustaining of the contest to the statement of inability to pay, posting a bond, or making a cash deposit as required by rule 506.1(d), Abdul filed in the county court at law a petition styled "Administrative Appeal,"[3] and he sent a letter to the county court in which he asked the court "to please accept my appeal." The letter was undated, but the county clerk filed the letter on July 6, 2015. The county court determined that Abdul's "Administrative Appeal" petition failed to perfect an appeal from the justice court's judgment as required by rule 506.1 and dismissed the case for lack of jurisdiction. The record does not show whether the county court considered Abdul's letter to be a notice of appeal of an order sustaining a contest to a statement of inability to pay under rule 506.1(d)(3).

## APPEAL FROM JUSTICE COURT

To appeal a decision from the justice court, a party must file in the justice court an appropriate bond or cash deposit or a sworn statement of inability to pay. TEX. R. CIV. P. 506.1(a). If the appellant files a sworn statement and the statement is contested, the justice court holds a hearing to determine the appellant's ability to pay. *Id.* 502.3(d); 506.1(d)(2). If the contest to the statement is sustained, the appellant may either (1) file in the justice court within seven days of the court's order sustaining the contest a notice of appeal to the sustaining of the contest or (2) file in the justice court within five days of the order the required bond or cash deposit. *Id.* 506.1(d)(3), (4). If the county court overrules the appeal of the order sustaining the

---

[2] The Supreme Court of Texas amended rule 506.1 effective September 1, 2016. The main change to the rule concerned the document filed by a party that cannot afford to post the bond or made a cash deposit. Under the rule before September 1, the document was the "sworn statement of inability to pay"; after September 1, the required document is the "Statement of Inability to Afford Payment of Court Costs." *See* Supreme Court of Tex., *Final Approval of Revisions to the Texas Rules of Civil Procedure and the Texas Rules of Appellate Procedure and of a Form Statement of Inability to Afford Payment of Court Costs*, Misc. Docket No. 16-9122 (Aug. 31, 2016) (http://www.txcourts.gov/media/1435934/169122.pdf). Because all the events in this case occurred before September 1, 2016, we apply the rule as it existed at the time of the justice court's and county court's rulings.

[3] Abdul's petition was copied from a form book with some of the blanks in the form filled in. The substance of the form indicates it was intended to be used for appealing the decision of an administrative agency, not an appeal of a justice court' judgment in a suit between two individuals. Abdul does not assert that the allegations in the petition, which states that an unidentified administrative agency erred and abused its discretion, are relevant to the issues in his appeal from the justice court.

contest, then the appellant must post the bond or make the cash deposit within five days. *Id.* 506.1(d)(4). "An appeal is perfected when a bond, cash deposit, or statement of inability to pay is filed in accordance with this rule." *Id.* 506.1(h). If the appeal is not timely perfected, then the county court is without jurisdiction to hear the appeal, and the appeal must be dismissed for want of jurisdiction. *See Williams v. Schneiber*, 148 S.W.3d 581, 583 (Tex. App.—Fort Worth 2004, no pet.).

The record indicates Abdul attempted to perfect an appeal of the justice court's judgment using a sworn statement of inability to pay pursuant to rule 506.1(d)(1). The justice court sustained the contest to the statement of inability to pay on June 26, 2015. Because the justice court sustained the contest, the only ways Abdul could perfect an appeal to the county court were by filing in the justice court either (1) a bond or cash deposit within five days of the order sustaining the contest, or (2) a notice of appeal of the order sustaining the contest within seven days of the order. *See* TEX. R. CIV. P. 506.1(d)(3), (4).

Abdul did not file a bond or cash deposit. Therefore, we must consider whether he filed in the justice court a notice of appeal of the order sustaining the contest within seven days of the June 26, 2015 order. Abdul filed on July 6, 2015 a petition in the county court styled "Administrative Appeal" and a letter addressed to the county court asking the court to hear his appeal.

The county court was correct that the "Administrative Appeal" did not perfect Abdul's appeal of the sustaining of the contest to his statement of inability to pay. That document was not a bond, cash deposit, or a notice of appeal of the order sustaining the contest to the statement of inability to pay; therefore, it did not perfect his appeal. TEX. R. CIV. P. 506.1(h).

Abdul also filed in the county court a letter to the county court on July 6, 2015 discussing the sustaining of the contest to his sworn statement of inability to pay and asking the county

court "to please provide me the opportunity to appeal the ruling." This document gave notice of Abdul's intent to appeal the order sustaining the contest to his statement of inability to pay. The notice had to be filed with the justice court within seven days of the June 26, 2015 order sustaining the contest. The seventh day after June 26, 2015 was Friday, July 3, 2015. Abdul filed the notice with the county court on Monday, July 6, 2015. We must determine whether Abdul timely filed the notice, and if so, whether his filing the notice with the county court instead of the justice court barred his appeal of the justice court's order sustaining the contest.

Rule 4 provides that when the last day of a time period is a Saturday, Sunday, or legal holiday, the period to file is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. TEX. R. CIV. P. 4. Although July 3, 2015 was not a statutory legal holiday, *see* TEX. GOV'T CODE ANN. §§ 662.003(a)(5); 662.021 (West 2012), the supreme court has held that the term "legal holiday" in rule 4 "includes a day which the commissioners court in the county in which the case is pending has determined to be a holiday, or on which the clerk's office for the court in which the case is pending is officially closed." *Miller Brewing Co. v. Villarreal*, 829 S.W.2d 770, 772 (Tex. 1992) (per curiam). Friday July 3, 2015 was such a day as the Dallas County Clerk's office was closed for the Independence Day holiday because July 4 fell on a Saturday that year. *See* DALLAS COUNTY, TEX., DALLAS COUNTY CODE § 82-903(b)(1) ("Holidays that fall on Saturday will be observed on the Friday preceding the holiday."). Abdul filed his notice on Monday July 6, 2015, which was the first day after July 3, 2015 that was not a Saturday, Sunday, or legal holiday. Therefore, the notice was timely filed.

Rule 506.1(d)(3) requires the notice be filed with the justice court, but Abdul filed the notice with the county court. *See* TEX. R. CIV. P. 506.1(d)(3). However, at least one court has concluded that a bond filed in the county court perfects an appeal. *See* TEX. R. CIV. P. 506.1(a) (appeal perfected by filing bond with the justice court); *Laird v. Benton*, 470 S.W.3d 572, 573,

577 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (bond filed in county court perfected appeal from justice court). Likewise, the rules of appellate procedure provide that a notice of appeal mistakenly filed with the court of appeals instead of the trial court "is deemed to have been filed the same day with the trial court." TEX. R. APP. P. 25.1(a). We see no reason that a notice of appeal under rule 506.1(d)(3) filed in the county court instead of the justice court should bar an appeal from an order sustaining a contest to a statement of inability to pay.

Because Abdul timely filed his notice of appeal of the justice court's order sustaining the contest to his statement of inability to pay, we conclude the county court at law had jurisdiction over Abdul's appeal of that order. The county court erred by determining it lacked jurisdiction and dismissing Abdul's appeal. We sustain Abdul's issue on appeal.[4]

## CONCLUSION

We reverse the trial court's judgment and remand the cause to the county court at law for further proceedings.

150912F.P05

/Lana Myers/
LANA MYERS
JUSTICE

---

[4] Besides discussing the jurisdictional issue, Abdul's brief also presents arguments concerning the merits of Bagg's lawsuit. Our decision in this appeal is limited to the question of whether the county court at law had jurisdiction under rule 506.1(d)(3) to hear the appeal of the trial court's order sustaining the contest to Abdul's statement of inability to pay. Our decision does not address any issue related to the merits of the contest or of Bagg's lawsuit.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SALEEM ABDUL, Appellant

No. 05-15-00912-CV     V.

PETER B. BAGG, Appellee

On Appeal from the County Court at Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-15-03402-B.
Opinion delivered by Justice Myers. Justices Lang and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant SALEEM ABDUL recover his costs of this appeal from appellee PETER B. BAGG.

Judgment entered this 20th day of September, 2016.