**Reversed and Remanded and Opinion Filed February 14, 2024**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00131-CV

**SPCP AUGUST OWNER, LLC D/B/A ELEVEN600 APARTMENTS, Appellant**
**V.**
**WILLIAM GOLLNIK, MACIE WHITAKER AND ALL OCCUPANTS., Appellees**

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-06269-A**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Garcia
Opinion by Justice Partida-Kipness

Appellant SPCP Augusta Owner, LLC (Landlord) appeals the county court's dismissal of its forcible detainer action against Appellees William Gollnik, Macie Whitaker, and "All Occupants" (together, Tenants). In two issues, Landlord asserts the county court (1) erred in dismissing the suit for want of jurisdiction, and (2) abused its discretion by dismissing the suit without prior notice. We reverse and remand.

# BACKGROUND

Landlord operates an apartment complex, Eleven600 Apartments, located on Audelia Road in northeast Dallas. On January 12, 2022, Tenants entered a one-year written lease with Landlord to rent a unit at the complex. After Tenants failed to pay rent on several occasions, Landlord gave Tenants notice to vacate on July 6, 2022, in accordance with the Texas Property Code. After Tenants failed to surrender possession of the premises, Landlord filed a forcible detainer (eviction) suit against Tenants in the justice court on September 7, 2022. Landlord sought possession of the premises, unpaid rent, attorney's fees, and costs of court. Tenants were duly served and appeared for a bench trial before the justice court on October 10, 2022. After considering the law and the evidence, the justice court ruled in favor of Landlord. The court ordered that Landlord recover possession of the premises, $3,450.00 in rent owed, interest, and costs.[1]

On October 14, 2022, Tenants sought to appeal by filing a "Statement of Inability to Afford Payment of Court Costs or an Appeal Bond," which Landlord did not contest. Tenants then deposited the equivalent of one month's rent as required by the justice court. The justice court approved the appeal and forwarded the case file to the county court clerk. The case was assigned to the Dallas County Court at Law No. 1. On November 16, 2022, Landlord filed its First Amended Petition for Forcible Detainer in the county court. Landlord again sought possession of the

---

[1] The justice court did not award attorney's fees.

premises, damages (including unpaid rent), attorney's fees, costs, and post-judgment interest. Then, on December 29, 2022, and without prior notice, the county court issued an order dismissing the case for want of jurisdiction. Landlord timely appealed to this Court.

## STANDARD OF REVIEW

Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *Texas Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002). Similarly, we review de novo a county court's dismissal of an appeal to that court. *Laird v. Benton*, 470 S.W.3d 572, 574 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

## ANALYSIS

In two issues, Landlord asserts the county court: (1) erred in dismissing its suit for want of jurisdiction, and (2) abused its discretion in dismissing the case without prior notice.[2]

## I. County Court Had Jurisdiction Over the Appeal of the Forcible Detainer Suit

In its first issue, Landlord contends the county court erred in dismissing its case for want of jurisdiction. We agree.

The justice court of the precinct where the property is located has jurisdiction over eviction suits, including a forcible detainer action. TEX. PROP. CODE §

---

[2] Pro se Appellees did not file any brief in this Court.

24.004(a); *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.). The plaintiff seeking possession of the property may also seek rents due, attorney's fees, and costs. TEX. R. CIV. P. 510.3, 510.8(b); *see also* TEX. PROP. CODE § 24.006. A party may appeal a judgment in an eviction case by filing an appeal bond, making a cash deposit, or filing a "Statement of Inability to Afford Payment of Court Costs" within five days after the judgment is signed in the justice court. TEX. R. CIV. P. 510.9(a), (f). The filing of a Statement of Inability to Afford Payment of Court Costs perfects the appeal. TEX. R. CIV. P. 510.9(f). Jurisdiction over the appeal vests in the county court for a trial de novo. TEX. R. CIV. P. 510.10(c); *Rice*, 51 S.W.3d at 708.[3]

Here, Landlord filed a petition for eviction in the appropriate justice court. Landlord pleaded for possession, unpaid rent, attorney's fees, costs, and interest, as permitted by law. TEX. PROP. CODE §§ 24.002, 24.004(a), 24.006; TEX. R. CIV. P. 510.3. The record reflects Tenants were duly served and appeared before the justice court. The justice court found in favor of Landlord and ordered that Landlord recover possession of the premises, rents due, interest, and costs. Tenants then timely filed a "Statement of Inability to Afford Payment of Court Costs or an Appeal Bond," which Landlord did not contest. These actions perfected appeal. TEX. R. CIV. P. 510.9(f). Tenants later deposited the equivalent of one month's rent with the court, as required. *See* TEX. R. CIV. P. 510.9(c)(5). The justice court forwarded the case files to the

---

[3] "County court" includes a statutory county court. TEX. R. CIV. P. 500.2(f).

county court, and Landlord filed an amended petition for forcible detainer. In other words, all procedures were met for the case to proceed de novo in the county court. TEX. R. CIV. P. 510.10.

We do not perceive anything in the record that would deprive the county court of jurisdiction over the appeal from the justice court. However, without prior notice to the parties, the county court dismissed the case without prejudice. In its order of dismissal, the county court stated:

> Pursuant to the Texas Rules of Civil Procedure and Dallas Civil court rules, this case is hereby dismissed for the following reason(s):
>
> (x)    Dismiss for Want of Jurisdiction
>
> This dismissal is related to the Appeal and Trial de Novo of Justice of the Peace Cause No. JE-22-05210-A. The Judgment from Said Justice of the Peace Court was vacated upon perfection of the Appeal to the County Court at Law.

The county court did not give any additional detail as to why it believed it lacked jurisdiction over the appeal. Presumably, the court believed the vacatur of the justice court judgment meant there was nothing to appeal, depriving the county court of jurisdiction. It is true that "perfection of an appeal to county court from a justice court for trial de novo vacates and annuls the judgment of the justice court." *Brown v. Hawkins*, No. 05-16-01427-CV, 2018 WL 1312467, at *5 n.4 (Tex. App.— Dallas Mar. 14, 2018, no pet.) (mem. op.) (quoting *Villalon v. Bank One*, 176 S.W.3d 66, 69–70 (Tex. App.–Houston [1st Dist.] 2004, pet. denied)). And, "a county court cannot affirm or reverse the judgment of the justice court nor can it remand the cause

–5–

to the justice court." *Id.* However, the vacatur of the justice court judgment upon perfection of the appeal does not divest the county court of jurisdiction. It simply means the county court hears the case de novo, as if there had been no previous trial. TEX. R. CIV. P. 510.10(c); *see also Breitling v. LNV Corp.*, No. 05-15-00677-CV, 2016 WL 3625450, at *2 (Tex. App.—Dallas July 5, 2016, pet. dism'd w.o.j.) (mem. op.) (party's complaint about the actions of the justice court became moot on appeal to the county court for a trial de novo).

Accordingly, the county court had jurisdiction over the appeal from the justice court. The county court erred in concluding otherwise and dismissing Landlord's suit. We sustain Landlord's first issue.

## II. Failure of Notice

In its second issue, Landlord complains of the county court's dismissal of its suit without prior notice. We need not address this issue, given our disposition of Landlord's first issue. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

The county court had jurisdiction over the appeal of Landlord's forcible detainer suit. Therefore, the county court erred in dismissing the case for want of jurisdiction.

Accordingly, we reverse the county court's judgment and remand for proceedings in accordance with this opinion.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

230131F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SPCP AUGUST OWNER, LLC
D/B/A ELEVEN600
APARTMENTS, Appellant

No. 05-23-00131-CV          V.

WILLIAM GOLLNIK, MACIE
WHITAKER AND ALL
OCCUPANTS, Appellees

On Appeal from the County Court at
Law No. 1, Dallas County, Texas
Trial Court Cause No. CC-22-06269-
A.

Opinion delivered by Justice Partida-
Kipness. Justices Pedersen, III and
Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant SPCP AUGUST OWNER, LLC D/B/A ELEVEN600 APARTMENTS recover its costs of this appeal from appellees WILLIAM GOLLNIK, MACIE WHITAKER AND ALL OCCUPANTS.

Judgment entered this 14th day of February, 2024.